[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 10-11478
Non-Argument Calendar
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
AUGUST 1, 2011
JOHN LEY
CLERK

D.C. Docket No. 2:09-cv-00105-KD-N

MICHAEL J. GREEN,

Petitioner-Appellant,

versus

CHERYL PRICE,
ATTORNEY GENERAL, STATE OF ALABAMA,

Respondents-Appellees.

_____

Appeal from the United States District Court
for the Southern District of Alabama
_____

(August 1, 2011)

Before HULL, WILSON and BLACK, Circuit Judges.

PER CURIAM:

Michael J. Green, an Alabama state prisoner, appeals the dismissal of his pro se 28 U.S.C. § 2254 petition for writ of habeas corpus as barred by 28 U.S.C. § 2244(d)'s one-year statute of limitations. After review, we vacate and remand for further proceedings.

## I.  BACKGROUND FACTS

### A.  Green's State Felony Conviction

In September 2004, Green was convicted of felony first degree sexual abuse in the Dallas County, Alabama Circuit Court. Green received a ten-year suspended imprisonment sentence and a split sentence of three years' probation and eighteen months of weekend sanctions in the county jail.

On July 31, 2006, while Green was on probation for the 2004 sexual abuse conviction, City of Selma police officers responded to a report that Green was involved in an incident involving a child at a local service station. Green was questioned, but not arrested. The same day, the child's mother filed a criminal complaint in the Municipal Court of Selma charging Green with sexual misconduct in violation of Alabama Code § 13A-6-65. The complaint alleged that Green, while standing at the cash register, lifted the child's dress and "felt on her bottom."

### B.  Green's Revoked Probation

2

On August 14, 2006, the state probation officer filed a delinquency report with the Dallas County Circuit Court recommending revocation of Green's probation and reinstatement of the original suspended ten-year sentence for the 2004 sexual abuse conviction. The recommendation was based on multiple alleged violations of the conditions of Green's probation, including his recent sexual misconduct charge.

On August 18, 2006, Green was arrested on the new sexual misconduct charge and pled not guilty. On August 29, 2006, following a bench trial in Selma's Municipal Court, Green was convicted of misdemeanor sexual abuse in the second degree, in violation of Alabama Code § 13A-6-67(b) (the "misdemeanor conviction"). Green did not file a direct appeal of the misdemeanor conviction.

On September 21, 2006, the Dallas County Circuit Court held a probation revocation hearing on the 2004 felony sexual abuse conviction. The state argued primarily that Green's 2006 misdemeanor conviction violated the conditions of Green's felony probation. The state argued that this was Green's second sexual offense involving children, he "keeps molesting kids," and "[h]e needs to go to prison."

Green, through counsel, asserted that (1) the misdemeanor conviction resulted in a $300 fine that was satisfied by the ten days of time-served; (2) the misdemeanor conviction was improperly imposed because, inter alia, Green was not represented by counsel; and (3) Green had substantially complied with his probation conditions. The state responded that Green was not entitled to counsel because no jail time was imposed.

During the revocation hearing, Green submitted copies of pay stubs as proof of employment and documentation showing that he had paid court costs, registered as a sex offender and completed his 300 hours of community service. Green testified that (1) he missed one probation appointment, but served additional sanction jail time for that, and (2) he was slow to complete his community service hours because he maintained full-time employment and served jail time on the weekends. As to his misdemeanor conviction, Green testified that he was originally charged with sexual misconduct, but the charge "was amended down to a misdemeanor." Green said that he pled not guilty to the misdemeanor charge because he was innocent and that he testified at the bench trial on his own behalf. Green explained that he did not have counsel to advise him and that he did not appeal the misdemeanor conviction because he had already served the ten days in jail.

Green's state probation officer testified that Green had a history of noncompliance with the conditions of probation over the two years of probation, but admitted that Green's worst noncompliance was his new sexual abuse conviction.

The Circuit Court revoked Green's probation and ordered him to serve the original ten-year sentence for the 2004 felony sexual abuse conviction with credit for time served. The Circuit Court found that Green had "substantially failed to comply with the terms and conditions of probation." The Circuit Court stated that it was "seriously alarmed at the latest charges, particularly with the young lady in city court," noting that Green had minimized the offense by calling it a lesser offense, but "[i]t still means that you did, in fact, commit the charge." Green did not file a direct appeal of the order revoking his probation and reinstating his ten-year sentence.

## C.    Green's Rule 32 Petition Regarding the Felony Conviction

On September 24, 2007, Green filed a pro se petition for relief from the ten-year sentence, pursuant to Alabama Rule of Criminal Procedure 32. On November 6, 2007, the Circuit Court denied Green's Rule 32 petition. The Circuit Court's order stated that Green's Rule 32 petition was denied based on findings "that the Petitioner received sufficient legal counsel," "that this court had proper

jurisdiction of the matter," and "that the petitioner is not being held in custody in excess of his sentence." On December 14, 2007, Green appealed to the Alabama Court of Criminal Appeals. The record does not reflect the disposition of Green's appeal or whether Green attempted to appeal to the Alabama Supreme Court.

**D.     Green's § 2254 Petition**

On February 23, 2009, while Green was still serving his reinstated ten-year sentence on the 2004 Circuit Court felony sexual abuse conviction, Green filed this pro se § 2254 petition attacking the 2006 misdemeanor conviction.[1] Green's § 2254 petition alleged, inter alia, that (1) his 2006 misdemeanor conviction was invalid because he was denied the right to counsel and (2) the 2006 misdemeanor conviction was used to enhance his current, ten-year sentence on the felony conviction. According to Green's § 2254 petition, on May 10, 2007, Green filed a Rule 32 petition in the City of Selma's Municipal Court. The Municipal Court denied Green's Rule 32 petition.[2]

The state's answer asserted that Green's § 2254 petition was barred by the one-year statue of limitations under 28 U.S.C. § 2244(d) and that Green did not

---

[1]After filing his § 2254 petition, Green was released from prison.

[2]Green attempted to appeal the denial of that Rule 32 petition. When the Municipal Court failed to process his notice of appeal, Green filed a series of state mandamus petitions, the last of which was denied by the Alabama Supreme Court on December 4, 2008.

meet the "in custody" requirement for habeas relief. The state argued that: (1) § 2244(d)(1)'s one-year limitations period began running on September 12, 2006, when the fourteen-day period for seeking direct review of Green's misdemeanor conviction expired; (2) after 241 days, on May 10, 2007, Green filed his Rule 32 petition challenging his misdemeanor conviction, tolling the limitations period until February 27, 2008, when the fourteen-day period for filing an appeal of the denial of the Rule 32 petition expired; and (3) another 362 days passed before Green filed his § 2254 petition on February 23, 2009, for a total of 602 days, well beyond the one-year limitations period.

The district court construed the state's answer as a motion to dismiss and directed Green to respond. Green's response argued, <u>inter alia</u>, that he was entitled to equitable tolling because he had diligently pursued his Rule 32 petition attacking his misdemeanor conviction. Green argued that the tolling period did not end on February 27, 2008 as the state suggested, but rather continued while Green attempted to appeal the denial of his Rule 32 petition and pursued several state mandamus petitions, the last of which was finally resolved by the Alabama Supreme Court on December 4, 2008.[3]

---

[3]Under Green's theory, if the limitations period was tolled until December 4, 2008, only eighty additional days had elapsed when Green filed his § 2254 petition.

A magistrate judge issued a report and recommendation ("R&R") concluding that Green's § 2254 petition was untimely. In calculating the one-year limitation's period, the R&R used the date the misdemeanor conviction became final. The R&R determined that the one-year limitations period was tolled while Green's Rule 32 petition challenging the Municipal Court misdemeanor conviction was pending, but that Green was not entitled to tolling while he pursued his state mandamus petitions.

The R&R suggested that, even if Green's § 2254 petition was timely, it was likely Green could not satisfy the "in custody" requirement. The R&R concluded that there was no evidence that Green's misdemeanor conviction was used to enhance his current ten-year sentence given that Green's revocation was based on multiple probation violations.

Over Green's objection, the district court adopted the R&R with one modification, that the one-year limitations period began to run on February 14, 2008, immediately after the denial of Green's Rule 32 petition challenging his misdemeanor conviction. Thus, the district court dismissed Green's § 2254 petition as time-barred.

Green filed this appeal. This Court granted a certificate of appealability and appointed appellate counsel for Green.

## II. DISCUSSION

### A.    In Custody

Because we are obliged to inquire into subject matter jurisdiction <u>sua sponte</u> whenever it may be lacking, we must address the threshold issue of whether Green was "in custody" within the meaning of 28 U.S.C. § 2254 when he filed his petition.  <u>See</u> <u>Williams v. Chatman</u>, 510 F.3d 1290, 1293 (11th Cir. 2007).[4]

A district court has jurisdiction to entertain a § 2254 petition only if the petitioner is "in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2254(a).  The "in custody" requirement means "that the habeas petitioner [must] be 'in custody' under the conviction or sentence under attack at the time his petition is filed."  <u>Maleng v. Cook</u>, 490 U.S. 488, 490-91, 109 S. Ct. 1923, 1925 (1989).  Generally, if the petitioner's state sentence has fully expired, he does not meet the "in custody" requirement.  <u>Id.</u> at 492, 109 S. Ct. at 1926.  However, when the § 2254 petition can be construed as asserting a challenge to the current state sentence that was enhanced by an allegedly invalid prior state conviction, the petitioner is "in custody" for purposes of federal habeas jurisdiction.  <u>Id.</u> at 493-94, 109 S. Ct. at 1926-27; <u>see also</u> <u>Lackawanna Cnty. Dist</u>

---

[4]We review <u>de novo</u> questions concerning jurisdiction.  <u>Williams</u>, 510 F.3d at 1293.

Att'y v. Coss, 532 U.S. 394, 399-402, 121 S. Ct. 1567, 1571-73 (2001) (concluding § 2254 petitioner satisfied "in custody" requirement because the earlier state conviction he nominally sought to challenge had been used to calculate his sentencing range for his later state conviction).

Although such a § 2254 petitioner satisfies the "in custody" requirement, the petitioner may not collaterally attack the prior expired state sentence unless the petitioner alleges that the prior state conviction was obtained in violation of his Sixth Amendment right to counsel announced in Gideon v. Wainwright, 372 U.S. 335, 83 S. Ct. 792 (1963). Lackawanna, 532 U.S. at 404, 121 S. Ct. at 1574. Additionally, the § 2254 petitioner seeking relief under the Lackawanna exception must satisfy the procedural prerequisites for relief. Id.

Here, although Green's pro se § 2254 petition primarily attacked his misdemeanor conviction, it also referenced his current Circuit Court felony ten-year sentence and expressly claimed that it was enhanced by the misdemeanor conviction. The record indicates that the state prosecutor, the probation officer and the Circuit Court all were particularly concerned about Green's new misdemeanor conviction and that Green's probation was revoked, and his ten-year sentence reinstated, in large part because of this new conviction. See McCoy v. Wainwright, 804 F.2d 1196, 1197 n.1 (11th Cir. 1986) (stating that jurisdiction

10

exists even if the earlier sentence has expired if there is "a positive and demonstrable relationship between the prior convictions and [the petitioner's] present incarceration").[5]  Thus, Green's § 2254 petition also challenged his felony ten-year sentence and thus satisfied the "in custody" requirement as to the felony sentence.  Furthermore, because Green's § 2254 petition alleges that the misdemeanor conviction was obtained in violation of his Sixth Amendment right to counsel, it falls within the Lackawanna exception.  Thus, the district court had federal habeas jurisdiction to review Green's § 2254 petition.

## B.      Statute of Limitations for Felony Conviction

The fact that Green's § 2254 petition challenges his Circuit Court felony ten-year sentence has implications for whether the petition was barred by the one-year statute of limitations.

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") imposes a one-year statute of limitations for filing a federal habeas corpus petition.  See 28 U.S.C. § 2244(d)(1).  "[T]he writ and AEDPA, including its limitations

---

[5]Although the Circuit Court found that Green committed multiple probation violations, it appears Green's new misdemeanor conviction was the primary basis for the probation revocation and full reinstatement of Green's suspended ten-year sentence.  See Ala. Code § 15-22-54(d) (giving the Alabama circuit court the discretion to revoke a defendant's probation and reinstate the full prior suspended sentence if he commits a new offense, but limiting the court's ability to do so for other violations unless it finds that no measure short of confinement will adequately protect the community or will avoid depreciating the seriousness of the violation).

provisions, are specifically focused on the judgment which holds the petitioner in confinement.'" Ferreira v. Sec'y, Dep't of Corrs., 494 F.3d 1286, 1293 (11th Cir. 2007). "[T]he judgment to which AEDPA refers is the underlying conviction and most recent sentence that authorizes the petitioner's current detention." Id. at 1292 (emphasis added) (concluding that one-year period began to run from the judgment entered upon resentencing rather than from the original judgment of conviction and sentence).[6]

Instead of focusing on the misdemeanor conviction, the district court should have focused on the Circuit Court's order revoking Green's probation and its reimposition of the ten-year sentence. The timeliness of Green's § 2254 petition must be evaluated based on when that Circuit Court judgment became final. Furthermore, the current record is not sufficiently complete to make a final determination as to timeliness because it contains only parts of the record related to Green's Rule 32 petition challenging the probation revocation and his ten-year sentence. See 28 U.S.C. § 2244(d)(1)(A) (providing that the judgment does not become final until "the conclusion of direct review or the expiration of the time for seeking such review").

---

[6]We review de novo a district court's order dismissing a federal habeas petition as untimely, but we review the district court's factual findings for clear error. Thompson v. Sec'y, Dep't of Corrs., 595 F.3d 1233, 1235 (11th Cir. 2010).

For these reasons, we vacate the district court's order dismissing Green's § 2254 petition and remand for further consideration of whether Green's § 2254 petition was timely filed as to the Circuit Court's September 21, 2006 order revoking probation and reimposing the ten-year sentence. On remand, the parties should be allowed to fully brief the statute of limitations issue with respect to the Circuit Court's order and to raise any other pertinent issues or defenses, including exhaustion.

**VACATED and REMANDED.**