[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 04-15761

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
June 8, 2006
THOMAS K. KAHN
CLERK

D. C. Docket No. 03-00859-CV-ORL-19KRS

ANTHONY FERREIRA,

Petitioner-Appellant,

versus

SECRETARY, DEPARTMENT OF CORRECTIONS,
ATTORNEY GENERAL, STATE OF FLORIDA,

Respondents-Appellees.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

**(June 8, 2006)**

Before BLACK, PRYOR and COX, Circuit Judges.

PER CURIAM:

Appellant Anthony Ferreira appeals the district court's dismissal of his application for a writ of habeas corpus, brought pursuant to 28 U.S.C. § 2254, as time-barred under the one-year statute of limitations contained in the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), 28 U.S.C. § 2244(d)(1). We granted a certificate of appealability as to the following issue:

> Whether the district court properly found that a habeas corpus petitioner who was resentenced and who only challenged the original trial proceedings without raising any challenge based on resentencing procedures is not entitled to the benefit of a new statute of limitations period commencing from the date the resentencing judgment became final?

Because this appeal is controlled by our decision in *Rainey v. Sec'y for the Dep't of Corr.*, 443 F.3d 1323 (11th Cir. 2006), we affirm the district court's order.

The primary issue in this case is whether the limitations period on Ferreira's habeas petition, which challenged only his judgment of conviction and not his resentencing judgment, began on the date Ferreira's judgment of conviction became final or the date his resentencing judgment became final. While this appeal was pending, we issued our opinion in *Rainey*, which decided this very question. We therefore ordered the parties to submit supplemental briefing as to *Rainey*'s effect on this case.

After reviewing the record, the parties' briefs, and the supplemental briefing, we find this case to be directly controlled by our decision in *Rainey*. In *Rainey*, we

2

held "the latest possible triggering date for a petition challenging only the original judgment of conviction is the date on which that judgment became final." 443 F.3d at 1328. Because Ferreira's habeas petition challenged only his judgment of conviction, without raising any challenge to his resentencing judgment, the AEDPA's one-year statute of limitations began when his judgment of conviction became final. Measuring the limitations period from that date, Ferreira's habeas petition was untimely.

The Supreme Court of Florida denied review of Ferreira's direct appeal of his judgment of conviction on September 11, 1997. Ferreira then had 90 days, or until December 10, 1997, to petition the United States Supreme Court for a writ of certiorari. *See* Sup. Ct. R. 13.1. Thus, for purposes of the AEDPA, Ferreira's judgment of conviction became final on December 10, 1997. *See* 28 U.S.C. § 2244(d)(1)(A); *Bond v. Moore*, 309 F.3d 770, 773-74 (11th Cir. 2002).[1]

On August 18, 1998, 251 days after the limitations period on his habeas

---

[1] In his supplemental brief, Ferreira asserts the state court clerk's re-recording of his judgment of conviction on July 22, 2002, affected the finality of his judgment of conviction and, therefore, the date the limitations period on his habeas petition began. We disagree. As 28 U.S.C. § 2244(d)(1)(A) makes clear, the finality of a judgment is not determined by the date of its recording; rather, a judgment becomes final "by the conclusion of direct review or the expiration of the time for seeking such review." The Florida Supreme Court denied review of Ferreira's direct appeal on September 11, 1997, and Ferreira had 90 days, or until December 10, 1997, to petition the United States Supreme Court for a writ of certiorari. *See* Sup. Ct. R. 13. Thus, Ferreira's judgment of conviction became final on December 10, 1997, irrespective of when it was recorded or re-recorded. *See Bond*, 309 F.3d at 773-74.

petition began, Ferreira filed a post-conviction motion in state court under Florida Rule of Criminal Procedure 3.850. Under our current jurisprudence, this motion tolled the limitations period until February 8, 2002, when the Florida Fifth District Court of Appeal issued its mandate affirming the trial court's order denying relief. *See* 28 U.S.C. § 2244(d)(2); *see also Lawrence v. Florida*, 421 F.3d 1221, 1225 (11th Cir. 2005); *Coates v. Byrd*, 211 F.3d 1225, 1227 (11th Cir. 2000). At that time, Ferreira had the 114 days remaining on his limitations period, or until June 2, 2002, to file either a habeas petition or a properly filed state post-conviction motion. His June 24, 2002, motion under Florida Rule of Criminal Procedure 3.800 did not further toll the statute of limitations. Ferreira's June 10, 2003, habeas petition was, therefore, untimely.

In sum, *Rainey* directs that the one-year statute of limitations on Ferreira's habeas petition began on December 10, 1997, the date his judgment of conviction became final. Measuring the limitations period from that date, and accounting for statutory tolling, Ferreira's habeas petition was untimely.

AFFIRMED.