[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
AUG 7, 2007
THOMAS K. KAHN
CLERK

_____

No. 04-15761

_____

D. C. Docket No. 03-00859-CV-ORL-19KRS

ANTHONY FERREIRA,

Petitioner-Appellant,

versus

SECRETARY, DEPARTMENT OF CORRECTIONS,
ATTORNEY GENERAL, STATE OF FLORIDA,

Respondents-Appellees.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(August 7, 2007)

Before BLACK, PRYOR and COX, Circuit Judges.

BLACK, Circuit Judge:

Following its decision in *Burton v. Stewart*, __ U.S. __, 127 S. Ct. 793 (2007), the Supreme Court vacated this Court's opinion in *Ferreira v. Sec'y, Dep't of Corr.*, 183 F. App'x 885 (11th Cir. 2006), and remanded it for further consideration in light of *Burton*. Previously, we held that Ferreira's petition for a writ of habeas corpus was time-barred. *Ferreira*, 183 F. App'x at 886. We reasoned that when a petitioner who had been resentenced challenged only his underlying conviction in a habeas petition, the one-year statute of limitations in the Antiterrorism and Effective Death Penalty Act (AEDPA) runs from the date the conviction became final, regardless of when the petitioner's corrected sentence became final. *Id.* at 887. After a thorough consideration of *Burton* and reconsideration of our relevant precedent, we now hold that AEDPA's statute of limitations runs from the date the judgment pursuant to which the petitioner is in custody becomes final, which is the date both the conviction *and* sentence the petitioner is serving become final.

## I. STATEMENT OF THE CASE

Anthony Ferreira was tried and convicted in a Florida state court. He appealed his conviction through the state appellate system. On September 11, 1997, the Florida Supreme Court denied his appeal. Ninety days later, on

2

December 10, 1997, his right to direct review terminated when he decided not to file a petition for certiorari in the United States Supreme Court.

On August 18, 1998, 251 days after his right to direct review ended, Ferreira filed a post-conviction motion in the Florida state system, tolling AEDPA's one-year statute of limitations. 28 U.S.C. § 2244(d). The state court denied the motion, and issued the mandate on February 8, 2002. On June 2, 2002, Ferreira's statute of limitations to file a federal habeas petition expired. Twenty days later, on June 24, 2002, Ferreira filed another post-conviction motion in the state system to correct his sentence, which the state court granted. Ferreira was resentenced, and the mandate finalizing that judgment issued on April 14, 2003. On June 10, 2003, 57 days after Ferreira's corrected sentence became final, he filed his federal habeas petition, including claims concerning only his original conviction and not his subsequent resentencing.

The district court found the petition was untimely and dismissed it. We granted a certificate of appealability (COA) limited to the following issue: "Whether the district court properly found that a habeas corpus petitioner who was resentenced and who only challenged the original trial proceedings [in his habeas petition] without raising any challenge based on resentencing procedures is not

3

entitled to the benefit of a new statute of limitations period commencing from the date the resentencing judgment became final." *Ferreira*, 183 F. App'x at 886.

Relying on *Rainey v. Sec'y for the Dep't of Corr.*, 443 F.3d 1323 (11th Cir. 2006), we held that "[b]ecause Ferreira's habeas petition challenged only his judgment of conviction, without raising any challenge to his resentencing judgment, the AEDPA's one-year statute of limitations began when his judgment of conviction became final." *Ferreira*, 183 F. App'x at 886. There is no dispute that Ferreira's habeas petition was filed more than 365 days after his conviction and original sentence became final on December 10, 1997. Therefore, unless the limitations period started anew when his corrected sentence became final, his petition would be barred by AEDPA's one-year statute of limitations. Our task, therefore, is to determine, in light of *Burton*, whether we measure the statute of limitations from the date Ferreira's conviction became final (December 10, 1997) or when his corrected sentence became final (April 14, 2003), when the only claims in his federal habeas application concern his original conviction.

## II. STANDARD OF REVIEW

We review *de novo* the district court's determination that a petition for federal habeas corpus relief was time-barred under AEDPA. *Moore v. Crosby*, 321 F.3d 1377, 1379 (11th Cir. 2003).

4

III.  DISCUSSION

AEDPA imposes a one-year statute of limitations on petitions for writs of habeas corpus.  In particular, 28 U.S.C. § 2244(d)(1) provides "[a] 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court."  The limitation period in this case runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review."  *Id.* § 2244(d)(1)(A).  The question in this case is what constitutes the judgment for the statute of limitations when a petitioner has his sentence corrected.

We have examined this issue in two contexts.  The first is where a petitioner challenges his custody by bringing claims concerning both the corrected sentence and the underlying conviction.  *See Walker v. Crosby*, 341 F.3d 1240, 1241-42 (11th Cir. 2003).  The second is where a petitioner challenges his custody by bringing claims concerning only the underlying conviction.  *See Rainey v. Sec'y for the Dep't of Corr.*, 443 F.3d 1323, 1325-26 (11th Cir. 2006).  In both prior cases and the panel decision in *Ferreira*, this Court addressed the conviction and sentence as separate and distinct judgments, each triggering the statute of limitations depending on what claims the petitioner included in his habeas application.

This framework is altered by the holding in *Burton*. In light of *Burton*, the judgment reflects the sentence the petitioner is serving and the underlying conviction. A short discussion of both precedents is necessary to understand the issue in this case and specifically how *Burton* affects our analysis.

A.  *Walker v. Crosby*

In *Walker*, the petitioner's statute of limitations began to run on AEDPA's effective date, April 24, 1996. The district court found, and this Court presumed, petitioner's statute of limitations period expired on April 23, 1997.[1] *Walker*, 341 F.3d at 1242. In October 1997, petitioner filed a motion to correct his sentence in state court, and the state court granted his motion. *Id.* at 1241.

On February 4, 1998, Walker was resentenced, and he subsequently appealed his resentencing. *Id.* On February 24, 1998, while the appeal was pending, Walker filed a federal habeas petition in the district court, which included claims only concerning his original conviction. *Id.* The district court dismissed the petition without prejudice for failure to exhaust remedies in state court. *Id.* at 1241-42. Thereafter, the mandate finalizing Walker's resentencing issued on June 5, 1998. After filing a host of state court post-conviction remedies tolling

---

[1] The limitations period would have ended on April 24, 1997, the anniversary date of the triggering event, which was AEDPA's effective date. Whether the limitations period expired on April 23 or 24 makes no difference to the disposition of this case.

AEDPA's statute of limitations, Walker filed his second habeas petition on January 16, 2001. *See id.* at 1242 & n.3. The district court dismissed the petition as time-barred. *Id.* at 1242.

This Court granted a COA on "whether individual claims within a single habeas petition may be reviewed separately for timeliness." *Id.* at 1241. This Court interpreted the word "application" in § 2244(d)(1) to include all claims within a single application. *Id.* at 1245; *see also* 28 U.S.C. § 2244(d)(1) ("A 1-year period of limitation shall apply to an *application* for a writ of habeas corpus . . . .") (emphasis added). Consequently, when computing the statute of limitations, we held the district court should determine if the "application" as a whole is timely, without looking individually at the claims comprising the application. *Walker*, 341 F.3d at 1245. In *Walker*, petitioner's sentencing claims, along with his claims regarding his underlying conviction, were a part of the timely application, therefore we held the entire application was timely. *Id.* at 1246. We noted that this interpretation of § 2244(d)(1) "allows for the resurrection of what seem to be time-barred claims tagging along on the coattails of a timely claim." *Id.* at 1247.

*Walker*, thus, held that so long as the petitioner challenges his custody by bringing claims concerning both the underlying conviction and the corrected

sentence, the petitioner will get the benefit of the statute of limitations starting anew on the date the corrected sentence becomes final. *Id.* This is true even though both Walker's underlying conviction and original sentence had been final for more than one year before his sentence was corrected. *Walker* did not address what would happen if a petitioner was resentenced but challenged his custody by bringing claims only concerning his original conviction and did not include any claims based on his corrected sentence. We addressed that very question in *Rainey*.

B.     *Rainey v. Secretary for the Department of Corrections*

In *Rainey*, the petitioner's conviction and sentence were affirmed on direct appeal on September 28, 1999. *Rainey*, 443 F.3d at 1325. Rainey's federal statute of limitations had expired before he filed a state motion for post-conviction relief on February 13, 2001, asserting a claim of ineffective assistance of counsel and a right to resentencing. *Id.* He was subsequently resentenced, and his corrected sentence became final on December 13, 2002. *Id.* On March 27, 2003, after validly tolling AEDPA's statute of limitations, Rainey timely filed his federal habeas petition. *Id.*

Unlike *Walker*, Rainey did not challenge his custody by bringing claims concerning his corrected sentence, instead bringing only the claims of ineffective

8

assistance of counsel. *Id.* Nevertheless, Rainey argued that, under *Walker*, his application was timely because AEDPA's statute of limitations began to run on December 13, 2002, the date his new sentence became final, not February 13, 2001, when his conviction became final. *Id.* This Court disagreed and held the petition was untimely. *Id.*

We reasoned that "[o]ur case law and the plain language of the [habeas] statute support the conclusion that when a petitioner who has been resentenced brings an application challenging only his original judgment of conviction, the one-year statute of limitations under the AEDPA runs from the date the original judgment of conviction became final and not the date the resentencing judgment became final." *Id.* at 1326. We distinguished *Rainey* from *Walker* by noting that unlike the petitioner in *Walker*, Rainey's "petition contested only his original judgment of conviction and in no way challenged his resentencing judgment. A challenge to resentencing is essential to . . . obtaining the benefit of a later limitations period under the AEDPA." *Id.* at 1327 (footnote omitted).

We held "[t]his result is consistent with the plain language of the AEDPA[,]" even though it could require petitioners to file successive habeas petitions. *Id.* at 1328-29. We advised petitioners to preserve their rights to challenge their judgments of convictions by filing "a federal habeas petition

9

challenging the original judgment of conviction during the initial one-year limitations period." *Id.* at 1329.

Pursuant to *Rainey*, a petitioner challenging the original sentence on direct appeal or in state post-collateral proceedings would have to file a concurrent federal habeas petition challenging the underlying conviction in order to preserve the right to do so. If the direct appeal or state post-collateral proceeding is unsuccessful, and the petitioner is not resentenced, he would then file a second habeas petition to challenge his sentence in federal court. Both habeas petitions would be based on the same conviction and sentence; therefore, the petitioner, would need permission from the Court of Appeals to file the second.[2] This is precisely what occurred in *Burton*.

C.    *Burton v. Stewart*

In *Burton*, the Supreme Court held the district court did not have jurisdiction over Burton's habeas petition because it constituted an unauthorized successive petition. *Burton*, 127 S. Ct. at 796. Burton was convicted and sentenced in 1994 following his Washington jury trial. *Id.* at 794. After an unrelated prior conviction was overturned, Burton filed a motion seeking resentencing, which was granted. *Id.* at 795. The trial court resentenced Burton in 1996. *Id.* On direct review, the

---

[2] If the petitioner was successful and resentenced, his petitions would not be successive because they would be based on separate judgments. *See Burton*, 127 S. Ct. at 796.

10

state courts upheld the 1996 conviction, reciting the 1994 verdict, but remanded for another resentencing. *Id.* On March 16, 1998, the trial court entered a second amended judgment and sentence for the 1994 guilty verdicts. *Id.* Burton appealed the 1998 sentence. *Id.*

On December 28, 1998, while direct review of his 1998 sentence was pending in state court, Burton filed a habeas petition in the United States District Court. *Id.* He sought to attack his custody by bringing claims concerning the 1994 conviction, not the 1998 sentence. The district court and the Ninth Circuit denied relief. *Id.* at 795-96. Three years after the 1998 habeas petition, the Washington courts finally rejected his sentencing claims. *Id.* at 796. Subsequently, Burton filed a second federal habeas petition without permission from the Ninth Circuit. *Id.* In this petition, Burton attacked his custody by bringing claims concerning the 1998 sentence, not the 1994 conviction. *Id.* The Supreme Court held it was an unauthorized successive petition, and the district court lacked jurisdiction. *Id.*

Integral to the Court's holding was its interpretation of AEDPA. The Court emphasized that AEDPA sets out procedures that a prisoner "in custody pursuant to the judgment of a State court" must follow. *Id.* at 796; 28 U.S.C. § 2254(a). The Court interpreted the judgment at issue to be based on both the conviction and

11

the sentence the petitioner is serving. In Burton's case, the 1998 judgment and sentence together form the basis of his habeas petition:

> When Burton filed his first petition, the 1998 petition, he was being held in custody pursuant to the 1998 judgment, which had been entered some nine months earlier. When he filed his second petition, the 2002 petition, he was still being held in custody pursuant to the same 1998 judgment. In short, Burton twice brought claims contesting the same custody imposed by the same judgment of a state court. As a result, under AEDPA, he was required to receive authorization from the Court of Appeals before filing his second challenge.

*Id.* at 796.

Thus, when AEDPA states, "The Supreme Court, a Justice thereof, a circuit judge, or a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States," the judgment to which AEDPA refers is the underlying conviction and most recent sentence that authorizes the petitioner's current detention. 28 U.S.C. § 2254(a). The Court implies that if, in 1996 while incarcerated pursuant to the 1996 judgment, Burton had challenged his custody by only bringing claims concerning his 1994 conviction, his second habeas petition would not have been successive because it challenged his custody under a different

12

judgment, the 1998 judgment, based on the 1994 conviction and 1998 sentence. *See id.* at 796, 798.

The Court rejected Burton's argument that if he had waited to file a federal petition until the state review of the 1998 sentence was complete, he risked losing the opportunity to challenge his 1994 conviction in federal court due to AEDPA's one-year statute of limitations, an argument *Rainey* would have supported. *Id.* at 798-99. The same AEDPA language the Supreme Court interpreted when it determined Burton filed an unauthorized successive petition, 28 U.S.C. § 2254, appears in the statute of limitations. 28 U.S.C. §§ 2244(d)(1), 2254(a). AEDPA's limitations period is applicable to "a person in custody pursuant to the judgment of a State court" and runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A); *see also Burton*, 127 S. Ct. at 798. At the time Burton filed both of his petitions, he was imprisoned under the 1998 judgment, which was based on the 1996 conviction and the 1998 sentence. That judgment triggered AEDPA's statute of limitations, even if the habeas petition included claims concerning the 1994 conviction. The Court stressed that "[f]inal judgment in a criminal case means sentence. The sentence is the judgment." *Id.* (quoting *Berman v. United States*, 302 U.S. 211, 212, 58 S. Ct. 164, 166 (1937)). In

13

Burton's case, the "limitations period did not begin until both his conviction *and* sentence became final." *Id.* at 799 (emphasis in original).

The Supreme Court applied AEDPA and held that the judgment that forms the basis of the habeas petition is the one that places the petitioner in custody. *Id.* at 796. That interpretation was a logical step necessary to the Court's holding that Burton's 2002 petition was successive and unauthorized. The Court's interpretation of AEDPA controls this case.

D. *Burton*'s Application to *Ferreira*

The main issue in *Ferreira* is whether the petitioner's original conviction triggered the running of AEDPA's statute of limitations or whether the running of the statute was triggered by the petitioner's resentencing, when the habeas petition only challenges the original 1997 conviction. 183 F. App'x at 886.

Applying the Supreme Court's statutory interpretation in *Burton*, the statute of limitations is triggered by the date the judgment, which is based on Ferreira's conviction and the sentence he is serving, becomes final. When Ferreira filed his petition in the district court on June 10, 2003, he was "in custody pursuant to" the 2003 judgment, which was based on the December 10, 1997 conviction and the April 14, 2003 sentence. 28 U.S.C. §§ 2254(a), 2244(d). Therefore, the April 14, 2003 judgment that imprisoned Ferreira controls the statute of limitations for this

14

petition because the period begins to run when both the conviction *and* sentence are final.   Ferreira's petition was timely because he filed it 57 days after the April 14, 2003 judgment became final, well within the one-year statute of limitations.

*Burton* makes clear that the writ and AEDPA, including its limitations provisions, are specifically focused on the judgment which holds the petitioner in confinement.  What this Court has previously called the judgment of conviction and the sentencing judgment together form the judgment that imprisons the petitioner.   Therefore, AEDPA's statute of limitations begins to run from the date both the conviction *and* the sentence the petitioner is serving at the time he files his application become final because judgment is based on both the conviction and the sentence.

E.    Prior Precedent

The Court's interpretation of AEDPA's language, "a person in custody pursuant to the judgment of a State court[,]" was necessary to its holding that Burton's second petition was successive.  That interpretation effectively overrules our decisions in *Rainey* and *Ferreira* where we defined the "judgment" differently. Our incorrect interpretation directly led to our holding that their petitions were time-barred.  Therefore, the Supreme Court in *Burton* overruled our prior

15

precedent in *Ferreira* and *Rainey*. We now hold that AEDPA's statute of limitations begins to run when the judgment pursuant to which the petitioner is in custody, which is based on both the conviction and the sentence the petitioner is serving, is final.

## IV. CONCLUSION

We REVERSE the district court because we conclude that Ferreira timely filed his habeas petition. In addition, we overrule our prior precedent in *Ferreira v. Sec'y for the Dep't of Corr.*, 183 F. App'x 885 (11th Cir. 2006) and *Rainey v. Sec'y for the Dep't of Corr.*, 443 F.3d 1323 (11th Cir. 2006), to the extent they are inconsistent with the Supreme Court's holding in *Burton v. Stewart*, __ U.S. __, 127 S. Ct. 793 (2007).