[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MARCH 7, 2008
THOMAS K. KAHN
CLERK

_____

No. 07-11556
Non-Argument Calendar

_____

D. C. Docket No. 06-14075-CV-DLG

RANDALL P. HUTCHINS,

Petitioner-Appellant,

versus

SECRETARY FOR THE DEPARTMENT
OF CORRECTIONS,
Walter A. McNeil,

Respondent-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

**(March 7, 2008)**

Before BLACK, WILSON and PRYOR, Circuit Judges.

PER CURIAM:

Randal P. Hutchins, a Florida prisoner, appeals the district court's dismissal of his petition for writ of habeas corpus as time-barred pursuant to 28 U.S.C. § 2254. Hutchins pled guilty to one count of possession of child pornography with intent to promote and was sentenced to fifteen years' probation. He later violated his probation, and, as a result, he was sentenced to seven years' imprisonment. The district court denied Hutchins's habeas petition as time-barred, but it relied on *Rainey v. Sec'y for Dep't of Corrs.*, 443 F.3d 1323 (11th Cir. 2006), which we overruled in *Ferreira v. Sec'y, Dep't of Corrs.*, 494 F.3d 1286, 1292-93 (11th Cir. 2007).[1]

We granted a certificate of appealability ("COA") on the single issue of whether, in light of *Ferreira*, the district court erred in determining when Hutchins's judgment became final under 28 U.S.C. § 2254(d)(1)(A). We have chosen, however, to expand the COA to include the merits of Hutchins's habeas petition because, even if we conclude that the petition was timely under *Ferreira*, we must affirm the district court's alternative merits-based denial of Hutchins's petition.

In his habeas petition, Hutchins alleges that his trial counsel was ineffective for failing to explicitly define and advise him of a statute of limitations defense

---

[1] In *Ferreira* we applied the Supreme Court's recent holding in *Burton v. Stewart*, — U.S. —, 127 S. Ct. 793, 166 L. Ed. 2d 628 (2007).

2

prior to advising him to waive that defense and plead guilty. Hutchins's voluntary guilty plea, however, waived any ineffective assistance of counsel claim.

Under *Wilson v. United States*, 962 F.2d 997 (11th Cir. 1992) (per curiam), a knowing and voluntary guilty plea waives all constitutional challenges to a conviction. *Id.* at 997. The transcript from the change of plea hearing shows that Hutchins was present when the prosecutor informed the court that Hutchins was pleading guilty to a charge that was filed after the statute of limitations had expired. Hutchins indicated, moreover, that he had discussed the case with his attorney, was satisfied with his attorney's advice, and understood that he was giving up his right to a jury trial. Hutchins further indicated that no one had threatened or forced him to plead guilty, and he expressly waived a statute of limitations challenge at the hearing. As the district court concluded, Hutchins cannot reasonably argue that, had he been better informed concerning the statute of limitations for the count to which he pled guilty, he would have gone to trial and faced all of the 148 counts of child pornography for which he was charged.

It is clear that Hutchins knowingly and voluntarily pled guilty to the offense for which he was convicted. He thus waived any ineffective assistance of counsel claim. Accordingly, we affirm the district court's denial of his habeas petition.

**AFFIRMED.**