[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 10-12404
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
OCTOBER 13, 2011
JOHN LEY
CLERK

D.C. Docket No. 1:98-cv-02088-DLG

JAMES BERNARD CAMPBELL,

Petitioner-Appellant,

versus

SECRETARY FOR THE DEPARTMENT OF CORRECTIONS,

Respondent-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(October 13, 2011)

Before MARCUS, MARTIN and ANDERSON, Circuit Judges.

PER CURIAM:

James Bernard Campbell, a Florida prisoner, appeals pro se the district court's order summarily denying his Fed.R.Civ.P. 60(b) motion for relief from its order dismissing his 1998 petition for habeas corpus, filed pursuant to 28 U.S.C. § 2254. Campbell originally was convicted of multiple charges, including first-degree murder and sentenced to death. The Florida Supreme Court later vacated his death sentence and remanded for resentencing. In 1994, Campbell filed his first § 2254 petition attacking the resentencing order, which the district court denied. Following a number of state court proceedings, the state trial court ultimately entered a judgment reducing Campbell's death sentence to life imprisonment. Campbell filed his 1998 habeas petition to attack this judgment, but the district court denied it as second or successive.

Thereafter, Campbell proceeded with a series of attempts to collaterally attack his state criminal judgment, including several purported "Rule 60(b)(4)" motions for relief from the dismissal order. With respect to the instant "Rule 60(b)(4)" motion, his fourth, the district court issued its denial in April 2010, remarking only that it considered the motion along with the relevant portions of the record, and was advised of its premises. We subsequently granted a certificate of appealability ("COA") to consider the following issue: "whether, in light of Magwood v. Patterson, 561 U.S.

2

__, 130 S.Ct. 2788, 177 L.Ed.2d 592 (2010), the district court erred in denying Campbell's Rule 60(b)(4) motion."

On appeal, Campbell argues that: (1) the district court erred in denying his most recent Rule 60(b) motion because the 1998 habeas petition was his first collateral attack on the state court judgment imposing life imprisonment, requiring treatment under Magwood as his "first bite at the apple" as to that judgment; and (2) the district court both violated the ruling in Magwood and acted "inconsistent[ly] with procedural due process of law" when it upheld the dismissal of his 1998 habeas petition as second or successive. After thorough review, we vacate and remand.

Generally, we review the denial of a Rule 60(b) motion for abuse of discretion. Burke v. Smith, 252 F.3d 1260, 1263 (11th Cir. 2001). "A district court by definition abuses its discretion when it makes an error of law." Koon v. United States, 518 U.S. 81, 100 (1996). But, where the district court has not considered a discretionary matter in the first instance, we typically will remand for it to do so. See Advanced Estimating Sys., Inc. v. Riney, 77 F.3d 1322, 1325 (11th Cir. 1996) (holding that a legal standard enunciated by the Supreme Court applied, and remanding for the district court to evaluate the case under that standard in the first instance).

We hold pro se pleadings to a less stringent standard than pleadings drafted by attorneys and thus construe them liberally. Tannenbaum v. United States, 148 F.3d

3

1262, 1263 (11th Cir. 1998). Likewise, "federal courts must look beyond the labels of motions filed by pro se inmates" to interpret them in the manner that would best provide relief. Means v. Ala., 209 F.3d 1241, 1242 (11th Cir. 2000). The Antiterrorism and Effective Death Penalty Act ("AEDPA") provides that generally, if a habeas petition is "second or successive," it cannot proceed unless authorized by a panel from the appropriate court of appeals, which can only do so if the applicant makes certain required showings. 28 U.S.C. § 2244(b)(3)(A). Absent such authorization, the district court lacks jurisdiction to consider any claims in the motion or issue a COA with respect to them, and dismissal is appropriate. Williams v. Chatman, 510 F.3d 1290, 1295 (11th Cir. 2007).

The Supreme Court recently addressed whether a defendant in state custody, who already had filed a § 2254 petition attacking his criminal judgment, could file a later § 2254 petition attacking an intervening judgment -- that is, a judgment imposed in his criminal proceedings after his first petition, but prior to his second petition -- without having to obtain leave from the court of appeals under § 2244(b)(3)(A). Magwood, 130 S.Ct. at 2795. In Magwood, the petitioner, an Alabama state prisoner, was found guilty of murder in 1981 and sentenced to death. Id. at 2792-93. After exhausting his appeals, Magwood filed a § 2254 petition in federal court and obtained a stay of execution and conditional grant of the writ pending resentencing. Id. at

4

2793. At resentencing in 1986, Magwood again was sentenced to death. Id. He again appealed, after which he filed a renewed § 2254 motion in federal court on the grounds that he did not have fair warning that his conduct could result in a death sentence, and that he had received ineffective assistance of counsel at resentencing. Id. at 2794. The district court conditionally granted the writ in 2007, but we subsequently vacated on the basis that the petition should have been dismissed as second or successive because the claims therein could have been raised in Magwood's first petition. Id. at 2794-95.

The Supreme Court reversed our decision, holding that Magwood's petition, which challenged "his new sentence under the 1986 judgment," was not "second or successive." Id. at 2803. Specifically, the Court concluded that, when "there is a new judgment intervening between the two habeas petitions, an application challenging the resulting new judgment is not 'second or successive' at all." Id. at 2802 (internal quotation and citations omitted). The Court explained that, because a habeas petitioner seeks "invalidation (in whole or in part) of the judgment [of a State court] . . . . the phrase 'second or successive' must be interpreted with respect to the judgment challenged," as opposed to a petitioner's custody. Id. at 2797 (emphasis and quotations omitted). In light of the resentencing proceeding, the Court determined that, although Magwood's instant petition was second-in-time, it was his

5

first petition "challenging that intervening judgment." Id. at 2801. In making this determination, the Court rejected the state's position that the "second or successive" rule applied to claims that could have been raised in a prior petition, explaining that, because Magwood's challenges, including his fair-warning challenge, applied to the death sentence imposed at resentencing, they asserted "new error" that effectively was committed a second time. Id. at 2798, 2801.

Although we have not yet considered whether Magwood permits a petitioner who received an intervening judgment to attack the unaltered prior conviction, we have ruled that both "[t]he writ and AEDPA" are "focused on the judgment which holds the petitioner in confinement." Ferreira v. Sec'y, Dep't of Corr., 494 F.3d 1286, 1293 (11th Cir. 2007). Specifically, "the judgment to which AEDPA refers is the underlying conviction and most recent sentence that authorizes the petitioner's current detention." Id. at 1292-93 (holding that a § 2254 petition filed five years after an underlying conviction, but within one year of resentencing, was timely notwithstanding the fact that the petitioner's claims related solely to his underlying conviction). That this view would equally apply to petitioners attacking intervening judgments under Magwood finds support from the only two of our sister circuits to have presently addressed this issue. See, e.g., Johnson v. United States, 623 F.3d 41, 45-46 (2d Cir. 2010) (persuasive) (holding that, between the Magwood and another

6

Supreme Court ruling that judgments included both the adjudication of guilt and the sentence, "[i]t follows that, where a first habeas petition results in an amended judgment, a subsequent petition is not successive regardless of whether it challenges the conviction, the sentence, or both"); Martin v. Bartow, 628 F.3d 871, 877-78 (7th Cir. 2010) (persuasive) (observing that Magwood permitted challenges that could have been raised previously and was not limited to resentencing).

We also observe that the Supreme Court has suggested that Magwood applies retroactively to cases on collateral review. For example, the Court recently granted certiorari and vacated a Fifth Circuit decision in which it affirmed an order from the district court dismissing a federal prisoner's 28 U.S.C. § 2255 motion as second or successive, notwithstanding the fact that the petition attacked an intervening judgment. See Garza v. United States, 131 S.Ct. 1469, 179 L.Ed.2d 293 (2011). The Supreme Court then remanded the case to the Fifth Circuit for further consideration in light of Magwood. Id.

Based on this case law, we hold that Magwood applies to the facts of Campbell's case. As such, the district court, which summarily denied Campbell's pro se Rule 60(b) motion attacking the dismissal of his 1998 habeas petition as second or successive, should be given an opportunity to evaluate his arguments under Magwood in the first instance. Accordingly, we vacate the order of the district court

7

denying Rule 60(b) relief, and remand with instructions to: (1) reexamine the merits of his motion in light of the Supreme Court's ruling in <u>Magwood</u>; (2) applying a liberal construction, determine the provision of Rule 60(b) that would be most favorable to him; and (3) order the State to respond as needed.[1]

**VACATED AND REMANDED.**

---

[1] We also DENY Campell's motion to strike the State's response brief.