[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 15-10499
Non-Argument Calendar

_____

D.C. Docket No. 1:14-cv-03316-TWT

HERSCHEL GERALD BYRD,

Petitioner-Appellant,

versus

WARDEN RIVERBEND CF,
COMMISSIONER, GEORGIA DEPARTMENT OF CORRECTIONS,

Respondents-Appellees.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

(April 21, 2016)

Before MARCUS, WILSON and ROSENBAUM, Circuit Judges.

PER CURIAM:

Herschel Byrd, proceeding pro se, appeals the district court's dismissal of

his habeas corpus petition under 28 U.S.C. § 2254 as untimely and for failure to

exhaust his state remedies.    We granted a certificate of appealability on the following issues:

(1) Whether the district court erred in concluding that Byrd's 28 U.S.C. § 2254 petition was barred by the Antiterrorism and Effective Death Penalty Act's one-year statute of limitations, in light of the evidence that the state amended Byrd's sentence in June 2010; and

(2) If so, whether the district court also erred in its alternative order, in which it sua sponte dismissed Byrd's § 2254 petition, effectively with prejudice, based on his failure to exhaust his state court remedies prior to requiring a response from the state.

After thorough review, we affirm the dismissal of Byrd's petition as untimely.[1]

We review de novo the dismissal of a federal habeas petition as time-barred under 28 U.S.C. § 2244(d).  Cole v. Warden, Ga. State Prison, 768 F.3d 1150, 1155 (11th Cir. 2014), cert. denied, 135 S. Ct. 1905 (2015).  We are not bound to accept a respondent's concession on appeal.  Gilbert v. United States, 640 F.3d 1293, 1306 n.14 (11th Cir. 2011).

The AEDPA establishes a one-year statute of limitations for federal habeas petitions filed by state prisoners, which runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review."  28 U.S.C. § 2244(d)(1)(A).  The AEDPA's statute of

---

[1]    In addition, Byrd's motion to supplement the record is hereby GRANTED IN PART as to the documents attached to his motion, namely, the Supreme Court of Georgia's order dismissing his first state habeas petition, the state court's June 2, 2010 final disposition order, and the state's answer and motion to dismiss his second state habeas petition, and DENIED IN PART as to the remaining documents referenced in his motion.  The state's motion to supplement the record is hereby GRANTED.

limitations begins to run when the judgment under which the petitioner is in custody, consisting of both the petitioner's conviction and sentence, is final. Ferreira v. Sec'y, Dep't of Corr., 494 F.3d 1286, 1293 (11th Cir. 2007).  Thus, when a petitioner is resentenced after the imposition of his original conviction and sentence, the AEDPA's statute of limitations runs from the date on which the newly imposed sentence becomes final.  See id. at 1292-93.  In Ferreira, the petitioner was originally convicted and sentenced in 1997, but was resentenced in 2003 after succeeding on a state post-conviction motion.  Id. at 1288.  We determined that Ferreira's judgment became final when he was resentenced in 2003 and that his § 2254 petition, filed shortly after his new sentence became final, thus was timely.  Id. at 1292-93.

Under Georgia law, a sentencing court retains the inherent power to, at any time, correct clerical errors in a written sentence to reflect the court's intent at the time the sentence was imposed.  Griggs v. State, 723 S.E.2d 480, 481 (Ga. Ct. App. 2012).  This type of correction does not constitute a modification of the sentence, because it simply perfects the record.  Taylor v. State, 276 S.E.2d 691, 692 (Ga. Ct. App. 1981).

Here, the district court did not err dismissing Byrd's § 2254 petition as untimely.  As the record shows, Byrd's judgment became final for purposes of the AEDPA's one-year limitations period in 2007, the limitations period expired in

2008, and he did not file his first state habeas petition until 2010. Thus, the one-year limitations period expired in 2008 <u>before</u> Byrd filed any motion that could toll the limitations period.

Moreover, the June 2, 2010 order amending his sentence was merely the correction of a clerical error in the original order that did not reset the limitations period. Indeed, the 2010 state court order lists "Amended Sentence," "Modified Sentence," and "Re-Sentencing" as distinct options. It has the box for "Amended Sentence" checked and notes "previous sentence written as concurrent." The marking of the box for an amended sentence instead of a modified sentence or resentencing and the reference to the way in which the original sentence was written -- rather than what was imposed -- both show that the sentence amendment was akin to the correction of a clerical error to reflect the court's original intent that related back to the original sentence.

Byrd's filings further suggest that the June 2010 amendment merely corrected a clerical error. In his § 2254 petition and response to the magistrate judge's order to show cause, Byrd said that he was sentenced to 25 years' imprisonment on October 15, 2007. Further, the "Sentence Computation Report" Byrd submitted with his response to the magistrate judge's order to show cause indicated that he was sentenced to consecutive 20 and 5 year sentences on October 15, 2007. If Byrd's October 15, 2007 sentence was 25 years' imprisonment, then

4

the June 2, 2010 order amending his sentence to be consecutive 20- and 5-year sentences was not a substantive modification akin to a resentencing.  See Ferreira, 494 F.3d at 1292-93.

Accordingly Byrd's § 2254 petition was untimely filed in October 2014. Because the district court did not err in dismissing Byrd's petition as untimely, it is unnecessary for us to reach the issue of whether his claims also were unexhausted.

**AFFIRMED**.