[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 17-12219
Non-Argument Calendar
_____

D.C. Docket No. 8:14-cv-02233-JDW-AAS


JAMES BOOTH,

Petitioner-Appellant,

versus

SECRETARY, FLORIDA DEPARTMENT OF CORRECTIONS,
ATTORNEY GENERAL, STATE OF FLORIDA,

Respondents-Appellees.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(April 6, 2018)

Before ED CARNES, Chief Judge, WILLIAM PRYOR, and ANDERSON, Circuit
Judges.

PER CURIAM:

James Booth, a Florida inmate proceeding pro se, appeals the district court's dismissal of his 28 U.S.C. § 2254 petition as untimely.

A jury found Booth guilty of third degree murder with a firearm and aggravated assault with a firearm. He was sentenced on June 5, 2008 to consecutive life terms on those convictions. On December 18, 2008 the trial court granted his motion to correct his sentence and resentenced him to ten years on the assault conviction, still running consecutively with the life sentence for the murder conviction. On September 18, 2009 the state appellate court affirmed his convictions but directed that his sentences should run concurrently, not consecutively. The Florida Supreme Court denied review on February 10, 2011, and the judgment became final on May 11, 2011 when the time for filing a petition for certiorari in the United States Supreme Court expired.

Once the judgment became final, the one-year limitation period for filing a federal habeas petition began to run. See 28 U.S.C. § 2244(d)(1)(A) (providing that a "1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court," and that the period "shall run from the latest of the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review").

2

On December 15, 2011 (218 days after the judgment became final), Booth filed a state post-conviction motion, which tolled the limitation period. See id. § 2244(d)(2). The trial court denied that motion, and the state appellate court affirmed. That motion remained pending until the state appellate court issued its mandate on December 2, 2013. Once the mandate issued, the limitation clock began to run again and Booth had 147 days — until April 28, 2014 — to file a federal habeas petition.

Booth did not file this § 2254 petition challenging his convictions and sentences until September 5, 2014, which was 130 days after the limitation period had expired. On October 8, 2014, he filed a motion in the state trial court to clarify his sentence so that it would reflect the state appellate court's holding that his sentences ran concurrently, not consecutively. The trial court granted that motion on November 6, 2014, stating that its order was a "ministerial correction." The next month, the state filed a motion to dismiss his petition as untimely. Booth argued that the trial court's November 6, 2014 order restarted the one-year limitation period, which made his petition timely.

The district court rejected Booth's argument that the trial court's order restarted the limitation period. It also ruled that Booth was not entitled to equitable tolling and did not qualify for the actual innocence exception to time-barred habeas petitions. Alternatively, the court ruled that his claims were procedurally barred.

The court denied him a certificate of appealability, Booth appealed, and we granted a COA on the following issue:  Whether the district court properly dismissed Booth's § 2254 petition as time-barred.

We review de novo the court's dismissal of Booth's petition as time-barred. Ferreira v. Sec'y, Dep't of Corr., 494 F.3d 1286, 1289 (11th Cir. 2007).  Booth acknowledges that he filed his petition after April 28, 2014, when the one-year limitation period expired, but he contends that the trial court's November 6, 2014 order restarted the limitation period, and as a result his petition is timely.[1]  That argument fails.

Section 2244(d)(1)'s "statute of limitations begins to run when the judgment pursuant to which the petitioner is in custody, which is based on both the conviction and the sentence the petitioner is serving, is final."  Id. at 1293. Although a new judgment that results from resentencing restarts the one-year limitation period, see id. at 1292–93, the trial court did not resentence Booth on November 6, 2014.  Instead, as the trial court specified, its order was a "ministerial correction" reflecting the state appellate court's holding that Booth's sentences ran concurrently, not consecutively.  That order did not authorize Booth's confinement, nor did it vacate any of his sentences and replace them with new

---

[1] Booth does not challenge the court's ruling that he is not entitled to equitable tolling and that he has not demonstrated actual innocence, so he has abandoned those issues.  See Timson v. Sampson, 518 F.3d 870, 874 (11th Cir. 2008) ("[I]ssues not briefed on appeal by a pro se litigant are deemed abandoned.").

4

ones.  See Patterson v. Sec'y, Fla. Dep't of Corr., 849 F.3d 1321, 1326–27 (11th Cir. 2017) (en banc) (holding that an order granting habeas petitioner's motion to correct his sentence did not qualify as a new judgment because the state court "never issued a new prison sentence . . . to replace" his original sentence or "issue[d] a new judgment authorizing [his] confinement").  Booth remains incarcerated under the trial court's original June 5, 2008 judgment, which was modified on December 18, 2008, and the November 6, 2014 order does not give the Florida Department of Corrections any new authority to imprison Booth.  See id.  As a result, the court did not err in dismissing his petition as untimely.  See id. at 1326 (rejecting the argument that "an order that alters a sentence necessarily constitutes a new judgment").

     **AFFIRMED.**