[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 18-12820
Non-Argument Calendar
_____

D.C. Docket No. 8:18-cv-00595-SDM-CPT

DAVID STANLEY VAUGHAN,

Petitioner–Appellant,

versus

SECRETARY, FLORIDA DEPARTMENT OF CORRECTIONS,
ATTORNEY GENERAL, STATE OF FLORIDA,

Respondents–Appellees.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(May 15, 2019)

Before ROSENBAUM, BRANCH, and ANDERSON, Circuit Judges.

PER CURIAM:

David Vaughan, a state prisoner proceeding *pro se*, appeals the district court's dismissal as untimely of his 28 U.S.C. § 2254 petition for a writ of habeas corpus. He argues that the 2018 Florida state court order amending his original 1997 judgment of conviction constituted a new judgment that reset the Antiterrorism and Effective Death Penalty Act's ("AEDPA") one-year statute of limitations. He asserts that what matters for the purposes of the AEDPA's timing requirements is whether a new piece of paper labelled "judgment" was issued by the state court, and he characterizes his amended and re-recorded state-court judgment as such a piece of paper.

We review *de novo* the district court's dismissal as untimely of a petition for a writ of habeas corpus. *Damren v. Florida*, 776 F.3d 816, 820 (11th Cir. 2015). The AEDPA imposes a one-year statute of limitations for filing a § 2254 petition that begins to run from the latest of four possible events, including, in relevant part, the date on which the judgment of conviction becomes final. 28 U.S.C. § 2244(d)(1)(A). The final judgment in a criminal case means the sentence. *Burton v. Stewart*, 549 U.S. 147, 156 (2007). Accordingly, we have held that the "AEDPA's statute of limitations begins to run when the judgment pursuant to which the petitioner is in custody, which is based on both the conviction and the sentence the petitioner is serving, is final." *Ferreira v. Sec'y, Dep't of Corr.*, 494 F.3d 1286, 1293 (11th Cir. 2007). "[T]he judgment to which AEDPA refers is

2

the underlying conviction and most recent sentence that authorizes the petitioner's current detention." *Id*. at 1292.

In *Patterson v. Sec'y, Fla. Dep't of Corr.*, the petitioner was sentenced to two consecutive life sentences, an additional 311 months' imprisonment, and chemical castration, for burglary, aggravated kidnapping of a child, and 2 counts of capital sexual battery. 849 F.3d 1321, 1323 (11th Cir. 2017) (*en banc*). After filing an unsuccessful § 2254 petition, the petitioner filed a Fla. R. Crim. P. 3.800 motion to correct his sentence in a Florida state court, challenging the portion of his sentence that required chemical castration. *Id*. at 1324. The Florida court granted the motion and issued an order stating that the petitioner would not have to undergo chemical castration. *Id*. Thereafter, the petitioner filed another § 2254 petition challenging his convictions, which the district court dismissed as second or successive. *Id*.

Sitting *en banc*, we affirmed the district court's dismissal, concluding that the § 2254 petition was second or successive because the Florida court's grant of the Rule 3.800 motion did not create a "new judgment." *Id*. at 1325–26. We reasoned that a "judgment" for purposes of § 2244 is the judgment authorizing the prisoner's confinement, and the amended order, while prohibiting chemical castration, did not address the petitioner's term of imprisonment that had been imposed by the initial criminal judgment. *Id*. at 1326. We emphasized that the

3

state court did not change the petitioner's term of imprisonment, impose a new sentence, or enter a corrected sentence and a new judgment when it granted the Rule 3.800 motion. *Id.* In short, the relevant question is not whether the sentence has been changed, but whether there has been the issuance of a new judgment authorizing the prisoner's confinement. *Id.* at 1326–27.

The district court did not err in dismissing Vaughan's petition. The state court order amending his original 1997 judgment of conviction did not constitute a new judgment that reset the AEDPA's one-year statute of limitations for filing a § 2254 petition because he remained in custody pursuant to the original judgment and his term of imprisonment was not altered by the amendment.

    **AFFIRMED.**