[DO NOT PUBLISH]

In the

# United States Court of Appeals

### For the Eleventh Circuit

————————————————

No. 21-13668

————————————————

SEAN P. REILLY,

Petitioner-Appellant,

*versus*

SECRETARY, FLORIDA DEPARTMENT
OF CORRECTIONS,

Respondent-Appellee.

————————————————

Appeal from the United States District Court
for the Northern District of Florida
D.C. Docket No. 4:21-cv-00118-MW-MJF

————————————————

Before JORDAN, LAGOA, Circuit Judges, and CANNON,[*] District Judge.

PER CURIAM:

In 2021, Sean Reilly—a Florida prisoner—submitted a petition for writ of habeas corpus under 28 U.S.C. § 2254, challenging a 2009 conviction and a subsequent 2015 judgment for revocation of probation. The district court dismissed the petition for lack of jurisdiction, concluding that it was an unauthorized second or successive habeas corpus application.

Mr. Reilly appeals the district court's dismissal of his petition. For the reasons that follow, we reverse and remand.

I

We begin with an overview of the sentences and convictions relevant to Mr. Reilly's § 2254 petition from 2021. The procedural history is complicated, but necessary to understanding what the 2021 petition related to.

A

*The September 2009 Judgment.* On September 22, 2009, in Case No. 2008-CF-4221, Mr. Reilly was convicted of two counts (Counts One and Five) of criminal use of personal identification information in Leon County Circuit Court. As to Count One, Mr. Reilly was sentenced to 11 months and 29 days of imprisonment,

---

[*] The Honorable Aileen M. Cannon, United States District Judge for the Southern District of Florida, sitting by designation.

followed by two years of community control and two years of probation.  As to Count Five, he was sentenced to "two years of community control followed by two years of probation, to run consecutive to the incarcerative portion of the sentence on Count [One] but concurrent with the supervisory portions of the sentence on Count [One] (the community control and probation)."  D.E. 19 at 3.

*The 2010 Violation of Supervision Judgment*.  In September of 2010, while Mr. Reilly was serving the supervisory portion of the 2009 sentence in Case No. 2008-CF-4221—and of another sentence unrelated to this appeal in Case No. 2008-CF-781—he was charged with violations of his supervision.  On December 6, 2010, the state court found that he had violated the conditions of supervision and revoked his term of supervision.  As to Count One of the 2009 judgment, Mr. Reilly was sentenced to 60 months of imprisonment.  As to Count Five, he received a split sentence of two years of community control followed by two years of probation, to run consecutive to the incarcerative sentence on Count One.

*The 2015 Violation of Probation Judgment*.  In December of 2013, while Mr. Reilly was serving the supervisory portion of his sentence from the 2010 violation of supervision judgment, he was charged with aggravated stalking in Leon County Circuit Court and with violation of his probation in Case No. 2008-CF-4221.  In April of 2015, "following a combined nonjury trial on the [aggravated stalking] charge . . . and a [violation of probation] hearing in Case No. 2008-CF-4221, the state court found [Mr.] Reilly guilty of

4                    Opinion of the Court                    21-13668

[a]ggravated [s]talking . . . and guilty of violating his supervision in Case No. 2008-CF-4221 (imposed by the 2010 [violation of probation] Judgment)." *Id*. at 4–5. On June 18, 2015, Mr. Reilly was sentenced to a term of five years of imprisonment for the aggravated stalking conviction, and five years of imprisonment for the violation of probation, with the latter to run consecutively to the former.

**B**

Over the last five years, Mr. Reilly has filed various § 2254 petitions. We discuss certain petitions—those relevant to this appeal—below.

*The 2018 Petition*. In 2018, Mr. Reilly filed a § 2254 petition in the Northern District of Florida, challenging the sentence imposed in 2010. He amended that petition in 2019 and identified the date of the judgment and sentence he was challenging as December 6, 2010. This was the sentence resulting from the 2010 violation of supervision judgment discussed above. Mr. Reilly raised various ineffective assistance of counsel claims, and the district court denied the petition on the merits.

*The 2020 Petition*. In 2020, Mr. Reilly filed another § 2254 petition in the Northern District of Florida, this time challenging the sentence imposed in 2009. In this petition, he identified the date of the judgment of conviction that he was challenging as July 24, 2009, and the date of the sentence as September 22, 2009. This was the sentence resulting from the original "September 2009 judgment" discussed above for the two counts of criminal use of

personal identification information.  Mr. Reilly raised several ineffective assistance of counsel claims, as well as a claim that the cumulative impact of his counsel's ineffectiveness deprived him of a fair and impartial trial.  The district court dismissed the petition on jurisdictional grounds and did not reach the merits of the claims asserted.  Specifically, the district court adopted the magistrate judge's report and recommendation, which recommended that the petition be dismissed for being an unauthorized second or successive petition.  Mr. Reilly appealed the dismissal of his § 2254 petition and, as of the time of this decision, that appeal is still pending before this Court in Case No. 21-11565.

*The 2021 Petition*.  In 2021, Mr. Reilly filed the § 2254 petition at issue in this appeal.  This petition raised two claims—one challenging the original 2009 conviction and one challenging the 2015 violation of probation judgment.  As to the 2009 conviction, Mr. Reilly alleged that his counsel was ineffective for failing to convey a plea offer of deferred prosecution.  *See* D.E. 1 at 3.  And as to the 2015 violation of probation judgment, he asserted that his counsel was ineffective for advising him to "waive his right to a jury trial on the aggravated stalking offense and proceed to a joint hearing involving both the new law violation of aggravated stalking and the [violation of probation.]"  *Id*. at 5.

The Secretary of the Florida Department of Corrections moved to dismiss the petition as second or successive, arguing that the petition was Mr. Reilly's "fifth habeas action in [the Northern District of Florida] and his second attempt to file an unapproved

successive petition challenging his 2009 conviction[.]" D.E. 13 at 1–2. The district court granted the motion and dismissed Mr. Reilly's petition for lack of jurisdiction based on its conclusion that the petition was an unauthorized second or successive habeas corpus application. This is Mr. Reilly's appeal from that ruling.[1]

## II

"We review de novo whether a petition for a writ of habeas corpus is second or successive" under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). *See Patterson v. Sec'y, Fla. Dep't of Corr.*, 849 F.3d 1321, 1324 (11th Cir. 2017) (en banc).

## III

"After a state prisoner has had a trial, a direct appeal, and an opportunity for collateral review in the state courts, he typically gets one, and only one, chance to collaterally attack his conviction in federal court." *Patterson*, 849 F.3d at 1324. Subject to certain exceptions not relevant here, 28 U.S.C. § 2244(b) requires district courts to dismiss "[a] claim presented in a second or successive habeas corpus application under [§] 2254 that was presented in a prior application[.]"

Though AEDPA does not define "second or successive," we are not without guidance in assessing this "term of art." *See Magwood v. Patterson*, 561 U.S. 320, 332 (2010) (quoting *Slack v. McDaniel*, 529 U.S. 473, 486 (2000)). The Supreme Court explained in

---

[1] For ease of reference, Appendix I demonstrates the habeas petitions filed by Mr. Reilly and their corresponding challenged judgments.

*Magwood* that "the phrase 'second or successive' must be interpreted with respect to the judgment challenged." *Id*. at 333. The Supreme Court also made clear "that the phrase . . . applies to habeas *petitions*, not to the *claims* they raise." *Insignares v. Sec'y, Fla. Dep't of Corr.*, 755 F.3d 1273, 1279 (11th Cir. 2014) (emphasis in original). In other words, under § 2244(b), there are no second or successive claims. Rather, "the phrase 'second or successive' applies to an *application* as a whole[.]" *Id*. (emphasis in original) (quoting *Magwood*, 561 U.S. at 334–35). And "where . . . there is a new judgment intervening between the two habeas petitions, an application challenging the resulting new judgment is not second or successive." *Id*. (quoting *Magwood*, 561 U.S. at 341–42).

With this backdrop, we have "conclude[d] that when a habeas petition is the first to challenge a new judgment, it is not 'second or successive,' regardless of whether its claims challenge the sentence or the underlying conviction." *Id*. at 1281. To determine whether the 2021 habeas petition challenges a new judgment, we look to the judgment "that places [Mr. Reilly] in custody." *Ferreira v. Sec'y, Dep't of Corr.*, 494 F.3d 1286, 1292 (11th Cir. 2007) ("[T]he judgment that forms the basis of the habeas petition is the one that places the petitioner in custody."). Here, that judgment is the 2015 violation of probation judgment. Though that 2015 judgment stems in part from the 2009 judgment, the sentence that authorized Mr. Reilly's current detention is the sentence imposed in 2015 for his violation of probation. *See Patterson*, 849 F.3d at 1325 ("The judgment that matters for purposes of [§] 2244 is the judgment authorizing the prisoner's confinement.") (internal quotation marks

omitted).  Thus, because "the judgment to which AEDPA refers is the underlying conviction and most recent sentence that authorizes the petitioner's current detention," we conclude that the 2015 judgment is the dispositive judgment.  *See Ferreira*, 494 F.3d at 1292.

Given that Mr. Reilly has not challenged that judgment before, his 2021 petition is not "second or successive."  That is, "[s]ince there was a new judgment"—i.e., the sentence imposed in 2015 when Mr. Reilly violated his probation—there is "no reason to differentiate between [his] claim[s] challenging" the 2009 conviction in his 2021 habeas petition and those "challenging the [2015] sentence."  *Insignares*, 755 F.3d at 1281.  Put simply, "when a habeas petition is the first to challenge a new judgment, it is not 'second or successive,' regardless of whether its claims challenge the sentence or the underlying conviction."  *Id*.

Mr. Reilly's 2021 habeas petition is his first to challenge the 2015 violation of probation judgment.  Thus, even though it includes claims challenging the underlying 2009 conviction, it is not a "second or successive" application.  *See id*. at 1279 ("Since his petition was his '[first] application challenging [an] intervening judgment,' it was not 'second or successive,' regardless of whether he had raised the claims before.") (quoting *Magwood*, 561 U.S. at 338).

## IV

For purposes of this appeal, we decide only whether the 2021 habeas petition was second or successive.  We conclude that it was not, and therefore the district court had (and has) jurisdiction

21-13668                Opinion of the Court                        9

to consider the petition.  We reverse the district court's dismissal and remand for proceedings consistent with our opinion.[2]

**REVERSED AND REMANDED.**

---

[2] Of course, "AEDPA's other limitations still apply" and may otherwise preclude Mr. Reilly from relief.  *See Insignares*, 755 F.3d at 1281 n.9.

# Appendix I

