FILED
United States Court of Appeals
Tenth Circuit

December 30, 2008

Elisabeth A. Shumaker
Clerk of Court

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

---

GEORGE VALLEZ,

      Petitioner-Appellant,

v.

STEVE HARTLEY, Warden, and THE
ATTORNEY GENERAL OF THE
STATE OF COLORADO,

      Respondents-Appellees.

No. 08-1346
(D.C. No. 08-CV-583-ZLW)
(D. Colo.)

---

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]

---

Before **O'BRIEN**, **EBEL**, and **GORSUCH**, Circuit Judges.

---

George Vallez was convicted in Colorado state court on charges of second

degree burglary and first degree sexual assault on August 7, 1997. He was

sentenced to consecutive prison terms of 48 and 64 years and a period of

mandatory parole. Mr. Vallez challenged his sentence and conviction in Colorado

---

[*] After examining appellant's brief and the appellate record, this panel has
determined unanimously that oral argument would not materially assist the
determination of this appeal. *See* Fed. R. App. P. 34(a)(2) and 10th Cir. R.
34.1(G). The case is therefore ordered submitted without oral argument. This
order is not binding precedent except under the doctrines of law of the case, res
judicata and collateral estoppel. It may be cited, however, for its persuasive value
consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

state court through a direct appeal and several state post-conviction motions. With the exception of a state court order granting Mr. Vallez's motion to modify his sentence from one imposing mandatory parole to one imposing discretionary parole, because it found the mandatory parole term was in violation of state law, Mr. Vallez's challenges to his conviction and sentence in state court were largely unsuccessful.

On March 7, 2008, Mr. Vallez turned his efforts to federal court, filing a *pro se* federal habeas petition under 28 U.S.C. § 2254. The district court dismissed the petition as time-barred, and Mr. Vallez now seeks a certificate of appealability ("COA") from us in order to appeal the district court's order. Mr. Vallez also renews his motion to proceed *in forma pauperis*.

We may issue a COA only if the petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Where the district court dismisses a § 2254 petition on procedural grounds, as it did in this case, we may issue a COA only if "jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Based on our independent review of the record in this case, and affording solicitous consideration to Mr. Vallez's *pro se* court filings, *see Van Deelen v. Johnson*, 497 F.3d 1151, 1153 n.1 (10th Cir. 2007), we agree with the district court that Mr. Vallez has not met this threshold.

Pursuant to the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), motions to vacate a conviction under § 2254 must typically be made within one year from the date on which the conviction became final. 28 U.S.C. § 2244(d)(1)(A). Mr. Vallez's judgment and conviction became final on December 6, 1999, when the time for seeking review in the United States Supreme Court expired. Although the one-year limitations period must be tolled while a prisoner pursues state court post-conviction relief, 28 U.S.C. § 2244(d)(2), over two years passed between the termination of Mr. Vallez's first state post-conviction proceeding on February 29, 2000, and the filing of his second on August 29, 2002. Since no state post-conviction proceeding was pending during this time period, the statute of limitations was no longer tolled and any subsequently filed § 2254 petition was well outside the one-year limitations period.

Notably, Mr. Vallez appears to concede that the one-year limitations period expired in August of 2002. *See* Opening Br. at 3-A ("The Appellant states that he does not deny that the one-year limitation period had passed between January 2000 through August 2002."). He nonetheless presents two arguments for why the statute of limitations should not bar his petition. We find neither availing.

First, Mr. Vallez submits that there was an "impediment" that prevented him from filing his § 2254 application. We presume that Mr. Vallez is referring to 28 U.S.C. § 2244(d)(1)(B), which delays the start of the one-year limitations

- 3 -

period if there is an "impediment to filing an application created by State action in violation of the Constitution or laws of the United States." Mr. Vallez contends that his original sentence was illegal under Colorado state law because it imposed mandatory parole as opposed to discretionary parole, and that this constituted an impediment that prevented him from filing a § 2254 application. Mr. Vallez does not explain, however, how being sentenced in a manner that allegedly violated state law in any way prevented him from pursuing federal habeas relief. Neither has Mr. Vallez demonstrated, nor can we discern, how any alleged impediment was "created by State action in violation of the Constitution or laws of the United States."

Second, Mr. Vallez contends that, because his sentence was partially modified in state post-conviction proceedings, the one-year limitations period restarted when the modified sentence became final on April 2, 2007 – the date the Colorado Supreme Court declined to review it. The Sixth Circuit has held that the one-year limitations period for a habeas petition challenging a resentencing judgment begins "on the date that the resentencing judgment became final, rather than the date that the original judgment became final." *Linscott v. Rose*, 436 F.3d 587, 591 (6th Cir. 2006). The Eleventh Circuit has gone a step further, holding that where a habeas petitioner brings a claim challenging a resentencing decision, the resentencing restarts the limitations period for all claims in the application, even those that arise from the original conviction. *Walker v. Crosby*, 341 F.3d

1240, 1246 (11th Cir. 2003).  But even if we assume (without granting) that Mr. Vallez's sentencing modification constitutes a "resentencing" sufficient to restart the limitations period under *Linscott* or *Walker*, and that the reasoning of those cases were adopted in this circuit, those cases require the prisoner to bring at least *some* claim challenging the *resentencing*, as opposed to the original conviction. As the district court correctly noted, however, Mr. Vallez seeks to challenge only his original conviction.  He presents no claims associated with the modification of his sentence.  Indeed, it would be strange for him to do so given that he sought and received the modification from mandatory to discretionary parole.

We are aware of no authority suggesting that resentencing can restart the limitations period when the prisoner seeks to bring only claims challenging his original conviction, as Mr. Vallez attempts to do here.  Accordingly, the limitations period in this case began the date his original conviction became final. Though the one-year period was undoubtedly tolled while state post-conviction motions were pending, more than two years passed between the termination of his first post-conviction motion and the filing of his second, as Mr. Vallez acknowledges.  And during that time, Mr. Vallez's opportunity to pursue federal habeas relief expired.

Because reasonable jurists could not debate that Mr. Vallez's petition is time-barred, his request for a COA is denied and this appeal is dismissed. Finally, because we agree with the district court's determination that Mr. Vallez

has not shown the existence of a nonfrivolous argument in support of the issues

raised on appeal, we deny his motion to proceed *in forma pauperis*.

ENTERED FOR THE COURT

Neil M. Gorsuch
Circuit Judge