FILED
United States Court of Appeals
Tenth Circuit

September 28, 2015

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

DAVID RICHARD CARRILLO,

    Petitioner - Appellant,

v.

DAVID ZUPAN, Warden of the Colorado
Territorial Correctional Facility;
CYNTHIA COFFMAN, the Attorney
General of the State of Colorado,

    Respondents - Appellees.

No. 15-1240
(D.C. No. 1:15-CV-00376-LTB)
(D. Colo.)

_____

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]
_____

Before **KELLY**, **LUCERO**, and **McHUGH**, Circuit Judges.
_____

    David Carrillo seeks a certificate of appealability ("COA") to appeal the district

court's dismissal of his 28 U.S.C. § 2554 habeas petition as untimely. We deny a COA

and dismiss the appeal.

**I**

    Carrillo was convicted in Colorado state court of first degree murder, conspiracy

to commit first degree murder, and contributing to the delinquency of a minor for his

participation in a 1993 gang killing. The trial court sentenced him to life in prison for the

---

[*] This order is not binding precedent except under the doctrines of law of the
case, res judicata, and collateral estoppel. It may be cited, however, for its
persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

murder, twenty years for conspiracy, and eight years for contributing to the delinquency of a minor. After the trial, Carrillo's court-appointed defense counsel requested $15,265.42 in fees and costs. The trial court granted this request and required Carrillo to pay the State of Colorado that amount in restitution.

The Colorado Supreme Court affirmed Carrillo's conviction and sentence on February 22, 1999. Carrillo v. People, 974 P.2d 478 (Colo. 1999). Carrillo did not file a motion for state post-conviction relief until August 5, 2002. The state courts denied that motion, along with several subsequent motions Carrillo filed. On February 9, 2015, Carrillo filed a motion to reduce the restitution award by $30 based on improper charges submitted by his trial attorney. That day, the trial court granted his motion, ordering that Carrillo's "sentence shall be corrected by reducing the amount of restitution for attorney charges by $30.00" and that the "mittimus shall be amended accordingly."

Carrillo filed a pro se § 2254 habeas petition on February 24, 2015. The district court concluded that the petition was time-barred and that the limitation period should not be equitably tolled. It dismissed the petition and denied a COA. Carrillo filed a motion to alter or amend the judgment, which the district court also denied. He now seeks a COA from this court.

**II**

A petitioner may not appeal the denial of habeas relief under § 2254 without a COA. § 2253(c)(1)(A). We may issue a COA "only if the applicant has made a substantial showing of the denial of a constitutional right." § 2253(c)(2). A habeas petition generally must be filed within one year of "the date on which the judgment

-2-

became final by the conclusion of direct review or the expiration of the time for seeking such review." § 2244(d)(1)(A). But "[t]he time during which a properly filed application for State post-conviction or other collateral review . . . is pending shall not be counted toward any period of limitation." § 2244(d)(2). We review de novo a district court's conclusion that a habeas petition is untimely. See Fleming v. Evans, 481 F.3d 1249, 1254 (10th Cir. 2007).

Carrillo contends that his petition is not time-barred because the state court's reduction of restitution by $30 constituted an amended sentence restarting the limitations period. He relies on Burton v. Stewart, 549 U.S. 147 (2007), which stated that the § 2244(d)(1)(A) limitations period did not begin until "both [petitioner's] conviction and sentence became final by the conclusion of direct review or the expiration of the time for seeking such review" and that the relevant judgment is "the judgment pursuant to which [petitioner] was being detained." Id. at 156-57 (quotation omitted). An Eleventh Circuit case, Ferreira v. Secretary, Department of Corrections, 494 F.3d 1286 (11th Cir. 2007), interpreted Burton as restarting the limitations period when a corrected sentence is entered, even if a petitioner only asserts claims challenging his conviction rather than the corrected sentence. Id. at 1288, 1292-93; see also Sullivan v. Suthers, 2008 U.S. Dist. LEXIS 59318, at *6 (D. Colo. Aug. 6, 2008) (unpublished) (adopting Ferreira's reasoning).

Our circuit, however, does not follow Ferreira's approach. In Prendergast v. Clements, 699 F.3d 1182 (10th Cir. 2012), the petitioner was convicted in Colorado state court and sentenced to a term of probation which became final in 2004. Id. at 1183.

-3-

Petitioner violated his terms of probation and was resentenced to a term of imprisonment in 2009. Id. We concluded that a claim challenging petitioner's conviction filed within one year of the 2009 resentencing was untimely, rejecting the argument that "the attacks on his original conviction are now somehow resurrected" by the resentencing. Id. at 1186 (citing Ferreira and Walker v. Crosby, 341 F.3d 1240 (11th Cir. 2003)). We "decline[d] to endorse the Eleventh Circuit's position." Id.[1]

We are bound to follow Prendergast. See In re Smith, 10 F.3d 723, 724 (10th Cir. 1993). Under the rule established in that case, the claims advanced by Carrillo before this court—all of which challenge his conviction rather than his corrected sentence—are time barred. Carrillo's conviction and sentence became final on May 24, 1999, ninety days after the Colorado Supreme Court issued its opinion in his direct appeal. See Locke v. Saffle, 237 F.3d 1269, 1272 (10th Cir. 2001). He did not file his § 2254 petition or any state post-conviction motions that would toll the limitations period within one year of that date. See § 2244(d)(1)(A), (d)(2).[2]

---

[1] The Supreme Court declined to address the issue of whether a petitioner who obtains relief in a collateral attack on his sentence may "file a subsequent application challenging not only his resulting, new sentence, but also his original, undisturbed conviction." Magwood v. Patterson, 561 U.S. 320, 342 (2010) (emphases omitted). It noted, however, that several Courts of Appeals have held that such a petitioner "may challenge only the portion of a judgment that arose as a result of a previous successful action." Id. at 342 n.16 (quotation omitted).

[2] There may be circumstances in which a state court's resentencing could give rise to a claim challenging the validity of a petitioner's conviction. In such cases, the petitioner may be entitled to equitable tolling or a new limitations period under § 2244(d)(1)(B)-(D). However, in this case, Carrillo's claims are wholly unrelated to his corrected sentence. And although Carrillo argued before the district court that he should be entitled to equitable tolling, he does not advance an equitable tolling

-4-

## III

For the foregoing reasons, we **DENY** a COA and **DISMISS** the appeal. Carrillo's

motion to proceed in forma pauperis is **GRANTED**.

Entered for the Court


Carlos F. Lucero
Circuit Judge

---

argument in this court. Accordingly, any such argument is waived. See United States v. Springfield, 337 F.3d 1175, 1178 (10th Cir. 2003) (applicant waives argument on appeal by failing to raise it "in either his application for a COA or his brief on appeal").