FILED
United States Court of Appeals
Tenth Circuit

February 24, 2017

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

ALBERT BURKS,

        Petitioner - Appellant,

v.

RICK RAEMISCH, Executive Director,
Colorado Department of Corrections;
RANDY LIND, Warden, Sterling
Correctional Facility; CYNTHIA
COFFMAN, Attorney General, State of
Colorado,

        Respondents - Appellees.

No. 16-1247
(D.C. No. 1:15-CV-02520-LTB)
(D. Colo.)

---

**ORDER AND JUDGMENT**[*]

---

Before **HARTZ**, **O'BRIEN**, and **PHILLIPS**, Circuit Judges.

---

       [*] Burks has waived oral argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). This case is submitted for decision on the briefs.

       This order and judgment is an unpublished decision, not binding precedent. 10th Cir. R. 32.1(A). Citation to unpublished decisions is not prohibited. Fed. R. App. 32.1. It is appropriate as it relates to law of the case, issue preclusion and claim preclusion. Unpublished decisions may also be cited for their persuasive value. 10th Cir. R. 32.1(A). Citation to an order and judgment must be accompanied by an appropriate parenthetical notation – (unpublished). *Id.*

An appeal may be taken from matters decided in a resentencing and the 28 U.S.C. § 2254 habeas statute of limitations clock restarts as to those matters. But what of other matters originally decided and put to rest through direct appeal, state post-conviction remedies and the running of the time allotted for federal habeas review? Are long-settled matters, untouched by the resentencing, somehow resurrected, Lazarus like, for reconsideration? More particularly, is a new breath of habeas life constitutionally required in such cases? An emphatic and tautological answer—NO—might, logically, seem to be the order of the day, but, alas, it is not that simple. Some cases seem to have said yes, making the question one for which a certificate of appealability (COA) should issue.

Albert Burks, a Colorado state prisoner,[1] wants to appeal from the dismissal of his time-barred 28 U.S.C. § 2254 habeas petition. A COA is a jurisdictional prerequisite to our review of a petition for a writ of habeas corpus. *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003). We will issue one "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Because the district court's ruling rests on procedural grounds, Burks must show both that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

---

[1] Burks was represented by counsel in the district court and that representation continues on appeal.

The district court denied Burks' request for a COA. He has here renewed that request and has fully briefed the dispositive issue; no response from the State is necessary. Because that issue is debatable, the requested COA must issue. After careful review, we affirm the dismissal.

## I. Background

The issue here is complicated by a long and protracted history. In 2001, a jury convicted Burks of (1) sexual assault on a child and (2) enticement of a child. He was sentenced to two consecutive terms of 8 years to life imprisonment. The Colorado Court of Appeals affirmed his convictions and sentences; the Colorado Supreme Court denied certiorari review on June 21, 2004.

On April 25, 2005, Burks filed a state petition for post-conviction relief raising numerous ineffective assistance of counsel claims. The trial court initially dismissed the petition as untimely. Burks appealed. The Colorado Court of Appeals decided the petition was timely but nevertheless concluded most of his ineffective assistance of counsel claims lacked merit. However, it reversed and remanded to the trial court for an evidentiary hearing on one ineffective assistance claim: failure to subpoena and call certain witnesses at trial. On remand, the trial court held a hearing and denied relief. The appellate court affirmed and the Colorado Supreme Court denied certiorari review on July 7, 2014, more than nine years after the petition was filed.[2]

---

[2] In his application for a COA, Burks "respectfully submits that *since the state trial court ruled in his favor on the merits of his claim of ineffective assistance of counsel*, and the underlying merits of that ruling [were] not disturbed by the Colorado Appellate

In June 2013, while his state post-conviction proceedings were pending, the Colorado Department of Corrections (CDOC) and the state trial court, *sua sponte,* raised questions about the propriety of his sentences. After an evidentiary hearing, the state trial court concluded his minimum sentences were improper and reduced them to two consecutive terms of four years to life (a total of 8 years to life), down from two consecutive terms of 8 years to life (a total of 16 years to life). That occurred on November 14, 2014.[3] So, as it stood at the time of resentencing, the state appellate court had rejected Burks' post-conviction claims and the state supreme court had denied review. Burks did not seek review of his resentencing, probably because he fortuitously

Courts, then there can be no debate as to whether his Application stated a valid claim of the denial of his Sixth Amendment right to counsel." (Appellant's Opening Br. at 9. (emphasis added.) He misstates the record—the state trial court never ruled in his favor on any ineffective assistance claim.

[3] The Colorado Sex Offender Lifetime Supervision Act of 1998 (SOLSA) generally requires sex offenders to be sentenced "for an indeterminate term *of at least the minimum of the presumptive range specified in [§] 18-1.3-401 for the level of offense committed* and a maximum of the sex offender's natural life." Colo. Rev. Stat. § 18-1.3-1004(1)(a). Although the statute's plain terms place no upper limit or cap on the minimum sentence, the Colorado Supreme Court interpreted it to require one: "[T]he Act is properly construed to mandate an indeterminate sentence *with a lower term of not more than twice the maximum sentence in the presumptive range* for the class of felony of which the defendant stands convicted . . . ." *Vensor v. People*, 151 P.3d 1274, 1275 (Colo. 2007) (emphasis added). Burks' offenses are class four felonies. Colo. Rev. Stat. § 18-1.3-401(1)(a)(V)(A). The presumptive sentencing range for a class four felony is a minimum sentence of 2 years imprisonment and a maximum sentence of 6 years in prison. *Id.* At first blush, it seems Burks' original minimum sentence of 8 years for each count complies with *Vensor* because it does not exceed twice the presumptive maximum (12 years). But a closer reading of *Vensor* and § 18-1.3-401 reveals a sentence of twice the presumptive maximum is allowed only upon the finding of "extraordinary . . . aggravating circumstances." Colo. Rev. Stat. § 18-1.3-401(6). Although not clear from the record, we presume the sentencing judge found no such circumstances. That being the case, Burks' minimum sentence could not exceed 6 years for each count (12 years total). On resentencing, his minimum sentence became 4 years per count (8 years total).

received a reduced sentence without even asking for one.

On November 16, 2015, Burks filed his § 2254 petition raising two claims: (1) Colorado's Sex Offender Lifetime Supervision Act of 1998 (SOLSA) is unconstitutional on its face and as applied to him and (2) trial counsel was ineffective for failing to subpoena and call certain witnesses at trial. The State argued, *inter alia*, the petition was untimely.

The district judge agreed with the State. He concluded Burks' convictions became final and the one-year statute of limitations began to run on September 20, 2004, when the time to seek certiorari review in the United States Supreme Court expired.[4] 28 U.S.C. § 2244(d)(1)(A). The limitations period ran from September 20, 2004, until he filed his state petition for post-conviction relief on April 25, 2005 (216 days). His state petition tolled the limitations period until July 7, 2014, when the Colorado Supreme Court denied certiorari review. 28 U.S.C. § 2244(d)(2). He thus had 149 days from July 7, 2014, or until December 3, 2014, to file his § 2254 petition. He did not file it until November 16, 2015.

---

[4] *See* Rule 13.1, Rules of the United States Supreme Court (requiring certiorari petitions to be filed within 90 days after entry of judgment); *see also Locke v. Saffle*, 237 F.3d 1269, 1273 (10th Cir. 2001) (holding "a petitioner's conviction is not final and the one-year limitation period for filing a federal habeas petition does not begin to run until—following a decision by the state court of last resort—after the United States Supreme Court has denied review, or, if no petition for certiorari is filed, after the time for filing a petition for certiorari with the Supreme Court has passed") (quotation marks omitted).

## II. Discussion

Burks does not claim the statute of limitations, 28 U.S.C. § 2244(d)(1), was tolled during his resentencing;[5] he is much more ambitious. He claims it did not begin to run under 28 U.S.C. § 2244(d)(1)(A)[6] until November 14, 2014, when he was resentenced: "The resentencing [resulted] because the original sentence was a void illegal sentence that had no force or effect pursuant to state law. Mr. Burks did not even have a legal sentence until November 14 or 17, 2014,[7] that could even trigger the 28 U.S.C. §

---

[5] Had he argued for statutory tolling under 28 U.S.C. § 2244(d)(2), it would have been in vain. Even assuming a *sua sponte* resentencing constitutes a "*properly filed* application for State post-conviction or other collateral review with respect to the pertinent judgment or claim" under § 2244(d)(2) (emphasis added), at best the limitations period would have been tolled until January 2015, when the 49-day time to appeal from the resentencing expired, *see* Colo. R. App. P. 4 (b), (c). He then would have had 149 days from that date (until June 2015) in which to file his habeas petition. His November 2015 petition would still be untimely.

The district judge found no basis for equitable tolling of the limitations period "because Mr. Burks fails to identify the existence of any extraordinary circumstances beyond his control that prevented him from filing a timely application." (Appellant's App'x at 90.) Burks does not contest this ruling in his COA application.

[6] Section 2244(d)(1)(A) provides:

A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review[.]

[7] The trial judge issued his oral resentencing decision on November 14, 2014; he entered an amended mittimus on November 17, 2014. Assuming the limitations period commenced on November 14, 2014, when the trial court orally amended his sentence, Burks contends his habeas petition on November 16, 2015, is timely because November 14, 2015, was a Saturday. But, as we explain, it doesn't matter—his resentencing did not

2244(d)(1)(A) one year clock." (Appellant's Opening Br. at 13.) The district judge disagreed because neither of Burks' § 2254 claims challenged his new sentence. *See Vallez v. Hartley*, 305 F. App'x 505, 508 (10th Cir. 2008) (unpublished) ("We are aware of no authority suggesting that resentencing can restart the limitations period when the prisoner seeks to bring only claims challenging his original conviction . . . ."). The judge was right.

In *Prendergast v. Clements*, Prendergast was convicted in Colorado state court of securities fraud and theft and sentenced to probation. 699 F.3d 1182, 1183 (10th Cir. 2012). His convictions became final in 2004. *Id*. His probation was revoked in 2009 when he violated its terms; he was resentenced to a term of imprisonment. *Id*. He filed a § 2254 petition raising five claims—two attacking the constitutionality of his resentencing and three challenging his original conviction. *Id*. at 1184. The district judge dismissed the two claims relating to his resentencing for failure to exhaust and dismissed as untimely the three claims relating to his original conviction. *Id*. at 1184. We affirmed. *Id*. Important here is our discussion on the timeliness of his claims relating to his original conviction.

Prendergast claimed that "because he timely raised claims on his 2009 resentencing, the attacks on his original conviction [were] somehow resurrected." *Id*. at 1186. In other words, his timely claims made the untimely claims once again timely. *Id*. at 1186. He focused on the term "application" in § 2244(d)(1). *Id*.

_____

start anew the limitations period for the claims he raises.

According to him, we must look to whether the § 2254 application is timely, not the individual claims within the application. *Id.* Not so, we said.

We concluded "§ 2244(d)(1) should be applied on a claim-by-claim basis."[8] *Id.* at 1187. A contrary rule would be nonsensical—"a late-accruing federal habeas claim would open the door for . . . other claims that had become time-barred years earlier, well after the time when the evidence to consider such other claims might have been discarded." *Id.* (quotation marks omitted). And such a rule would "create[] a perverse incentive for potential habeas petitioners with otherwise time-barred constitutional claims to violate the terms of their sentence"—"a petitioner who had failed to raise now time-barred claims would have reason to commit some infraction, incur a resentencing, allege a constitutional violation in the resentencing, and resuscitate the time-barred claims." *Id.*; *see also Carrillo v. Zupan*, 626 F. App'x 780, 781-82 (10th Cir. 2015) (unpublished) (relying on *Prendergast* and concluding Carrillo's resentencing did not restart the limitations clock for his § 2254 claims because those claims challenged only his original conviction, not his corrected sentence).

We recognize this case is factually different. Prendergast was resentenced due to the revocation of his probation. Burks was not resentenced due to any misconduct on his part. Rather, a Colorado court decided his original sentence was erroneous and corrected the error, much to Burks' benefit and without his input. But, for our purposes, this is a distinction without a difference. The point of *Prendergast* is that we apply §

---

[8] In doing so, we adopted the opinion of then-Judge Alito in *Fielder v. Varner*, 379 F.3d 113 (3d Cir. 2004).

2244(d)(1) on a claim-by-claim basis. In this case, neither of the claims Burks seeks to raise in his § 2254 petition pertains to his resentencing. The ineffective assistance of counsel claim concerns counsel's performance in the original trial court proceedings and his SOLSA claim challenges the constitutionality of the Act's requirement that sex offenders receive a <u>maximum</u> term of life imprisonment. His resentencing concerned the <u>minimum</u> term required. Because his § 2254 claims do not arise out of his resentencing, it did not renew the limitations clock as to those claims.

*Vallez* is, at least factually, more on point. Vallez was originally sentenced to mandatory parole. 305 F. App'x at 506. He filed a motion to modify his sentence to discretionary parole with the state court. *Id.* The state court concluded his mandatory parole sentence violated state law and imposed discretionary parole instead. *Id.* In his federal habeas proceedings, Vallez argued the one-year statute of limitations restarted when the modified sentence became final on April 2, 2007, the date the Colorado Supreme Court declined to review it. *Id.* at 507-08. We concluded that while that argument may have some appeal where the petitioner seeks "to bring at least *some* claim challenging the *resentencing*," it crumbles when the only claims a petitioner seeks to bring do not challenge the resentencing. *Id.* at 508. The same result ensues here.

The Supreme Court's decision in *Magwood v. Patterson* does not speak to the issue before us. 561 U.S. 320 (2010). Magwood was found guilty of murder and was sentenced to death. *Id*. at 324. He ultimately obtained relief on his sentence in § 2254 proceedings. *Id*. at 326. But the relief was short-lived; the state trial court resentenced him to death. *Id*. He then filed a second-in-time § 2254 petition challenging his new

- 9 -

death sentence. *Id*. at 328. The question presented was whether this second-in-time §

2254 petition was a "second or successive" petition under 28 U.S.C. § 2244(b) such that

he needed to obtain permission from the federal appellate court to file it. *Id*. at 330.

The Supreme Court concluded the limitations imposed by § 2244(b) apply only to

a "'habeas corpus application under § 2254,' that is, 'an application for a writ of habeas

corpus on behalf of a person in custody pursuant to *the judgment* of a State court.'" *Id*. at

332 (quoting § 2244(b), § 2254(b)(1)). Thus, "the phrase 'second or successive' must be

interpreted with respect to the judgment challenged." *Id*. at 333. Because Magwood's

second-in-time § 2254 petition challenged a new judgment for the first time, it was not

"second or successive" under § 2244(b). *Id*. at 323-24. In so concluding, the Supreme

Court rejected the State's argument that § 2244(b) should be applied on a claim-by-claim

basis, which would have required courts to look at each claim raised in the petition and

decide whether the petitioner "had an opportunity to raise it in his first application, but

did not do so." *Id*. at 331-32.

Most importantly, however, the Supreme Court declined to decide whether "a

petitioner who obtains a conditional writ as to his sentence [would be allowed] to file a

subsequent [§ 2254] application challenging not only his resulting, *new* sentence, but also

his original, *undisturbed* conviction." *Id*. at 342. That is because Magwood had not

attempted to challenge his underlying conviction. In this case, Burks challenges only his

original, undisturbed conviction and maximum sentence, not his newly reduced minimum

sentence (the only post-conviction relief ever granted). *Magwood* does not address this

situation.

- 10 -

We recognize that at least one other circuit has extended *Magwood* to §

2244(d)(1) and concluded that a resentencing constitutes a new judgment that resets

the one-year limitations period under § 2241(d)(1)(A) for claims challenging the

resentencing <u>and</u> for claims, even untimely ones, challenging the underlying

judgment. *See Crangle v. Kelly*, 838 F.3d 673, 677-78 (6th Cir. 2016). But absent en

banc reconsideration or an intervening Supreme Court decision, we are bound to

follow *Prendergast*. *In re Smith*, 10 F.3d 723, 724 (10th Cir. 1993). Moreover, the

Sixth Circuit limited its holding—only those resentencings that constitute a "new,

worse-than-before sentence" reset the limitations clock in § 2244(d)(1). The

resentencing in that case imposed five-years of post-release control but the original

sentence did not say anything about post-release control. The court decided in these

circumstances the limitations clock ran from the resentencing. Here, Burks'

resentencing resulted in a more favorable sentence.

In sum, the 2014 resentencing did not renew the limitations period for Burks' §

2254 claims. Rather, the statute of limitations expired on these claims on December 3,

2014, rendering his November 16, 2015 petition untimely.[9]

---

[9] Burks argues he could not have raised his SOLSA claim in federal court until he sought the same relief in state court, otherwise the claim would be dismissed for failure to exhaust, 28 U.S.C. § 2254(b)(1)(A). We presume he means he had to first raise it at his resentencing and therefore he had to await resentencing prior to bringing the claim to federal court. He never raised it at resentencing, but he did raise it on direct appeal. That, however, was too little, too late; the Colorado Court of Appeals refused to consider it because he had not first raised it with the trial court. *See People v. Watkins*, 83 P.3d 1182, 1187 (Colo. App. 2003) ("Because defendant did not raise this constitutional claim in the trial court, we decline to address it here.") (collecting cases). "[F]ederal courts

We **GRANT** a COA and **AFFIRM** the district judge's dismissal of Burks' habeas petition as time-barred.


                                        **Entered by the Court:**


                                        **Terrence L. O'Brien**
                                        United States Circuit Judge

---

generally do not review issues that have been defaulted in state court on an independent and adequate state procedural ground, unless the default is excused through a showing of cause and actual prejudice or a fundamental miscarriage of justice." *Jackson v. Shanks*, 143 F.3d 1313, 1317 (10th Cir. 1998). The district judge concluded Colorado's prohibition against raising constitutional claims for the first time on appeal to be an independent and adequate state procedural ground and Burks did not argue otherwise. He also decided Burks had failed to demonstrate cause and prejudice or that a failure to consider the claim would result in a fundamental miscarriage of justice. Burks does not challenge this ruling in his COA application. It provides yet another reason why his SOLSA claim was properly dismissed.