# IN THE SUPREME COURT OF IOWA

No. 18–1911

Filed March 6, 2020

**ADNAN SAHINOVIC,**

Appellant,

vs.

**STATE OF IOWA,**

Appellee.

On review from the Iowa Court of Appeals.

Appeal from the Iowa District Court for Polk County, Samantha J. Gronewald, Judge.

An inmate seeks further review of the court of appeals' affirmance of the denial of his application for postconviction relief. **AFFIRMED.**

Alexander Smith and Benjamin D. Bergmann of Parrish Kruidenier Dunn Boles Gribble Gentry Brown & Bergmann L.L.P., Des Moines, for appellant.

Thomas J. Miller, Attorney General, and Louis S. Sloven, Assistant Attorney General, for appellee.

**MANSFIELD, Justice.**

Iowa Code section 822.3 generally allows a defendant "three years from the date the conviction or decision is final or, in the event of an appeal, from the date the writ of procedendo is issued" to bring an action for postconviction relief. The question we must answer is whether a defendant who wishes to challenge his or her underlying *conviction* gets the benefit of a new three-year, postconviction-relief deadline when that defendant is *resentenced*. We conclude the defendant does not. If the conviction itself remained final, then section 822.3's time clock does not restart as to challenges to that conviction. Accordingly, we affirm the judgment of the district court and the decision of the court of appeals.

## I. Facts and Procedural Background.

On July 5, 2011, Adnan Sahinovic pled guilty to second-degree robbery, a class "C" felony, and forgery, an aggravated misdemeanor. He was sentenced that day to concurrent terms of ten and two years for these offenses. Pursuant to Iowa Code section 902.12, Sahinovic was required to serve seven-tenths of his ten-year sentence on the robbery conviction before being eligible for parole.

Approximately two and a half years later, on January 29, 2014, Sahinovic moved for correction of an illegal sentence, alleging that his mandatory minimum sentence for robbery was illegal because he had been seventeen years old at the time he committed his crimes. *See State v. Lyle*, 854 N.W.2d 378, 404 (Iowa 2014). On October 6, Sahinovic retained new counsel, who moved to recast his motion to correct illegal sentence as a petition for postconviction relief. The proposed petition sought to assert the additional argument that Sahinovic's guilty plea counsel had failed to

advise him of adverse immigration consequences.[1] *See Padilla v. Kentucky*, 559 U.S. 356, 374, 130 S. Ct. 1473, 1486 (2010). Thus, the proposed petition would have challenged both Sahinovic's guilty plea and his mandatory minimum sentence.

The district court denied Sahinovic's motion to recast on December 1. The court concluded,

> The defendant may pursue post-conviction relief at any time he otherwise has a right to and may raise any issues he otherwise has the right to raise in such a proceeding. However, he cannot "recast" his pro se motion [to correct an illegal sentence] "as a petition for post-conviction relief." . . . Again, the defendant must, if he chooses, initiate and pursue post-conviction relief in a separate case.

On April 27, 2015, the court granted Sahinovic's motion to correct his illegal sentence. The court noted that Sahinovic's victim had been "dragged and pulled underneath defendant's moving truck as she tried to escape" and "was lucky to escape serious injury or death." Also, the defendant had "a prior juvenile court history for trafficking stolen weapons." However, the court took note of Sahinovic's alcoholic and abusive father, who had since been deported and had passed away. Most importantly, the court observed Sahinovic had been "a model inmate while in prison," having been steadily employed and residing in the honor unit. Accordingly, the court resentenced Sahinovic to ten years in prison with immediate parole eligibility. At the same time, the court reiterated that it would not consider in that proceeding a challenge to Sahinovic's plea.

On August 12, Sahinovic filed the present petition for postconviction relief. Proceedings were stayed while Sahinovic appealed the district court's refusal to consider his guilty plea challenge as part of his earlier motion to correct an illegal sentence. On April 27, 2016, the court of

---

[1]Sahinovic is a citizen of Croatia.

appeals affirmed the ruling on the illegal sentence motion, and procedendo issued on June 22. The district court's stay of postconviction-relief proceedings was lifted.

The State then moved for summary judgment in the postconviction-relief proceeding, relying on the three-year statute of limitations in Iowa Code section 822.3. The State's motion urged that the limitations period for challenging Sahinovic's convictions had commenced on July 5, 2011, and expired three years later in 2014. Sahinovic resisted the motion, arguing that his April 27, 2015 resentencing restarted the clock for statute of limitations purposes.

The district court agreed with the State and dismissed the petition. It reasoned that Sahinovic's April 27, 2015 resentencing "does not open the door for him to challenge events occurring on or before July 5, 2011 and; therefore, his Petition is time-barred."

Sahinovic appealed. We transferred the case to the court of appeals, which affirmed the district court. Sahinovic applied for further review, and we granted his application.

## II.  Standard of Review.

"We review issues of statutory interpretation for correction of errors at law." *State v. Nall*, 894 N.W.2d 514, 517 (Iowa 2017) (quoting *Rhoades v. State*, 848 N.W.2d 22, 26 (Iowa 2014)).

## III.  Legal Analysis.

This case requires us to parse the meaning of the third sentence of Iowa Code section 822.3, which establishes a general rule that postconviction-relief petitions "must be filed within three years from the date the conviction or decision is final or, in the event of an appeal, from the date the writ of procedendo is issued." Iowa Code § 822.3 (2016). No one disputes that Sahinovic's convictions for second-degree robbery and

forgery originally became final on July 5, 2011. The question is whether the resentencing of Sahinovic in 2015, which did not affect his underlying convictions, started the clock running over again.

This statute of limitations was added by the general assembly in 1984. *See* 1984 Iowa Acts ch. 1193, § 1 (codified then at Iowa Code § 663A.3 (1985) and now at § 822.3); *Brewer v. Iowa Dist. Ct.*, 395 N.W.2d 841, 842 (Iowa 1986). Prior to that time, there was no deadline for filing postconviction-relief petitions.

"In interpreting a statute, we first consider the plain meaning of the relevant language, read in the context of the entire statute, to determine whether there is ambiguity." *State v. Doe*, 903 N.W.2d 347, 351 (Iowa 2017). The State reads "the date the conviction or decision is final" to refer to the date when *the determination being challenged* became final. That happened in 2011, and those convictions have never ceased to be final. Thus, in the State's view, and that of the district court and court of appeals, the statute of limitations for Sahinovic to challenge his guilty plea ran out in 2014.

Sahinovic counters that a defendant's convictions and sentences are one package and that it is not possible to appeal a conviction until a sentence has been pronounced. That is true, but the statute uses the disjunctive phrase "conviction or decision," rather than a conjunctive phrase like "conviction and sentence." This suggests that our focus should be on the finality of the specific determination (or "decision") being challenged, not the entire package.

Additionally, chapter 822 draws a clear distinction between conviction and sentence. *See* Iowa Code § 822.2 (using both terms); *id.* § 822.3 (same); *id.* § 822.4 (same); *id.* § 822.7 (same). "When the same term appears multiple times in the same statute, it should have the same

meaning each time." *State v. Paye*, 865 N.W.2d 1, 7 (Iowa 2015). Had the legislature wanted the term "conviction" in Iowa Code section 822.3 to mean both "conviction" and "sentence," it would have said both "conviction" and "sentence," consistent with the approach it followed elsewhere in Iowa Code chapter 822. It is true that the third sentence of section 822.3 does not contain the word "sentence" at all, *see* Iowa Code § 822.3, and that we allow postconviction-relief applications to challenge sentencing, *see id.* § 822.2(1)(*a*)–(*c*), but the term "decision" can logically include a sentence.[2]

Moreover, Sahinovic's position could lead to odd results. *See id.* § 4.4(3) (setting forth a presumption that "[i]n enacting a statute . . . [a] just and reasonable result is intended"); *id.* § 4.6(5) (noting that when a statute is ambiguous, we should consider "[t]he consequences of a particular construction").

Our criminal justice system treats sentencing and convictions differently. Illegal sentences may be corrected many years after the fact. Iowa R. Crim. P. 2.24(5)(*a*) ("The court may correct an illegal sentence at any time."). It would be purely fortuitous for such a defendant now to receive a fresh opportunity to challenge his or her underlying convictions.

---

[2]This becomes particularly clear when one reviews the original 1984 amendment. It amended the statute (then Iowa Code § 663A.3) to read,

> A proceeding is commenced by filing an application verified by the applicant with the clerk of the district court in which the conviction or sentence took place. However, if the applicant is seeking relief under section 663A.2, subsection 6, the application shall be filed with the clerk of the court of the county in which the applicant is being confined. An application must be filed within three years from the date the conviction or decision is final or, in the event of an appeal, from the date the writ of procedendo is issued.

1984 Iowa Acts ch. 1193, § 1. Note that the phrase "conviction or sentence" is only one sentence away from the phrase "conviction or decision."

Allowing convictions to be reopened for no other reason than the fact that the same defendant went through a resentencing would undermine the state's "legitimate interest in preventing the litigation of stale claims." *Davis v. State*, 443 N.W.2d 707, 710 (Iowa 1989) (upholding the constitutionality of the three-year statute).  As we said in *Davis*,

> One of the goals of our criminal justice system is to afford both the accused and the state fair and prompt trials, appeals and further proceedings to correct error.  A legitimate concern is that the process also end within reasonable time limits.

*Id.*

Other jurisdictions have similarly held that a resentencing does not bring about a new limitations period for attacking a conviction.  *See Vallez v. Hartley*, 305 F. App'x 505, 508 (10th Cir. 2008) ("We are aware of no authority suggesting that resentencing can restart the limitations period when the prisoner seeks to bring only claims challenging his original conviction, as Mr. Vallez attempts to do here."); *Bradley v. Turner*, No. 3:12–CV–1504, 2013 WL 1345667, at *17 (N.D. Ohio Feb. 11, 2013) ("Ohio courts . . . have determined that 'the time limit for a postconviction relief petition runs from the original appeal of the conviction, and that a resentencing hearing does not restart the clock for postconviction relief purpose as to any claims attacking the underlying conviction.' " (quoting *State v. Piesciuk*, No. CA2009-10-251, 2010 WL 2653385, at *2 (Ohio Ct. App. July 6, 2010))); *People v. Metcalf*, 979 P.2d 581, 583 (Colo. App. 1999) ("If we were to accept defendant's position, any time a court modified a sentence . . . it would result in a new three-year window for the filing of collateral attacks on convictions under Crim. P. 35(c).  We find no indication in the statutes or the rules that such a result was ever intended.").

Sahinovic relies on our decision in *Daughenbaugh v. State*, 805 N.W.2d 591 (Iowa 2011). In *Daughenbaugh*, the defendant, a pharmacist, pled guilty to four charges relating to the handling of prescription drugs. *Id.* at 591–92. He received a deferred judgment. *Id.* at 592. Thereafter, he was notified he could no longer participate in Medicare, Medicaid, or other federal healthcare programs. *Id.* This rendered him "virtually unemployable as a pharmacist." *Id.* At this point, the defendant filed an application for postconviction relief alleging ineffective assistance of counsel and challenging his guilty pleas. *Id.* The district court denied the application on the merits, and the defendant appealed. *Id.* at 593.

Not reaching the merits, we held instead that the defendant could not bring an application for postconviction relief. *Id.* at 598–99. Iowa Code section 822.2 authorizes the filing of an application by a person "who has been convicted of, or sentenced for, a public offense." Iowa Code § 822.2(1). However, we concluded that "convicted" as used in section 822.2 should be interpreted in its "strict legal sense." *Daughenbaugh*, 805 N.W.2d at 598. The deferred judgment meant that no judgment of conviction had been entered, and therefore the defendant was not eligible for postconviction relief. *Id.* at 598–99.

We find Sahinovic's reliance on *Daughenbaugh* unavailing because nothing we say here is inconsistent with *Daughenbaugh*. "Conviction" as used in Iowa Code chapter 822 means a conviction that has become final because a judgment was entered on it. That is what we said in *Daughenbaugh* and what we say today. We note that section 822.3 requires the action to be filed "within three years from the date the conviction . . . is final." Iowa Code § 822.3. This word choice implies, necessarily, that the term "conviction" refers to the kind of conviction that is final. Here the conviction became final in 2011, and that finality was

never disturbed simply because Sahinovic filed a motion to correct an illegal sentence in 2014, and in response thereto, the district court amended his sentence in 2015.[3]

### IV. Conclusion.

For the foregoing reasons, we affirm the judgment of the district court and the decision of the court of appeals.

**AFFIRMED.**

All justices concur except Wiggins and Oxley, JJ., who take no part.

---

[3]To be clear, it would be a different situation if a resentencing had been ordered as part of a *direct appeal*. In that event, we believe both the conviction and the sentence do not become final for Iowa Code section 822.3 purposes until the defendant is resentenced. However, where the defendant files either an application for postconviction relief resulting only in a resentencing or a motion to correct an illegal sentence resulting in a resentencing, the conviction has never ceased to be final and the section 822.3 clock does not restart.