[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 20-11453
Non-Argument Calendar

_____

D.C. Docket No. 8:19-cv-01604-JSM-JSS


NICHOLAS BORGESANO,

Petitioner-Appellant,

versus

UNITED STATES OF AMERICA,

Respondent-Appellee.


_____

Appeal from the United States District Court
for the Middle District of Florida

_____

Before NEWSOM, BRANCH, and ANDERSON, Circuit Judges.

PER CURIAM:

Nicholas Borgesano, a federal prisoner, appeals the district court's dismissal of his 28 U.S.C. § 2255 motion to vacate sentence as untimely. We granted a certificate of appealability ("COA") on the issue of "[w]hether the district court erred in dismissing Borgesano's 28 U.S.C. § 2255 motion to vacate, set aside, or correct his sentence as untimely." Borgesano argues that his § 2255 motion was timely because the trial court amended the judgment in his criminal case to include a copy of the preliminary order of forfeiture, which restarted the one-year filing deadline for his § 2255 motion. Alternatively, he argues that he was entitled to equitable tolling. After review, we affirm.

## I.    Background

In 2017, Borgesano pleaded guilty to conspiracy to commit healthcare fraud ("Count 1") and conspiracy to engage in monetary transactions in property derived from specified unlawful activity ("Count II"). Prior to the sentencing hearing, the government filed a motion for an order of forfeiture in the amount of $54,504,778, as well as a preliminary order of forfeiture for various specified assets. The government requested that the district court include the forfeiture when orally pronouncing sentence and include the forfeiture order in the judgment, as required by Federal Rule of Criminal Procedure 32.2(b)(4)(B). Shortly thereafter, in February 2018, the district court entered an order of forfeiture and preliminary order of forfeiture.

On April 26, 2018, the district court sentenced Borgesano to 120 months' imprisonment on Count 1 and 60 months' imprisonment on Count 2, to be served consecutively, followed by concurrent terms of 3 years' supervised release.  When pronouncing sentence, the district court stated that "[t]he previous Forfeiture Judgment will be made a part of this Final Judgment."  The district court entered the written judgment that same day, which stated that "Defendant shall forfeit to the United States those assets previously identified in the Preliminary Order of Forfeiture for Substitute Assets, attached hereto, that are subject to forfeiture." However, the district court failed to attach the February 2018 preliminary order of forfeiture.

On June 18, 2018, the government filed a motion to amend the judgment to include the February 2018 order of forfeiture and preliminary order of forfeiture, pursuant to Federal Rule of Criminal Procedure 36.  The district court granted the motion and entered an amended judgment that included the February 2018 preliminary forfeiture order on June 19, 2018.  Borgesano did not file a direct appeal.

On May 9, 2019, Borgesano filed a *pro se* § 2255 motion, but he failed to include a supporting memorandum and supporting facts.  The district court ordered Borgesano to show cause as to why the motion should not be denied for failure to file a memorandum with supporting facts.  Instead of supplementing the § 2255

motion, Borgesano filed a motion to voluntarily dismiss the § 2255 motion without prejudice, stating that he would refile a § 2255 motion at an unspecified future date. The district court granted the motion to voluntarily dismiss in part, explaining that it dismissed the § 2255 motion without prejudice, but that Borgesano's one-year limitations period for filing a timely § 2255 motion expired on May 10, 2019, and it would not grant him an extension of time.

Subsequently, on July 2, 2019, Borgesano filed another *pro se* § 2255 motion. Borgesano asserted that his motion was timely because based on the entry of the amended judgment he had until July 3, 2019, to file a timely § 2255 motion. In response, the government argued that the § 2255 motion was untimely and warranted dismissal. The government maintained that the entry of an amended judgment to correct a clerical error does not toll or otherwise reset the limitations period for purposes of § 2255 and Borgesano was not entitled to equitable tolling. Borgesano replied that his § 2255 motion was timely because (1) forfeiture is an integral part of the sentence and the amended judgment was a substantive alteration, not the correction of a clerical error, and (2) the limitations period for purposes of § 2255 did not begin to run until the expiration of his ability to pursue direct review of the amended judgment.

The district court dismissed Borgesano's § 2255 motion as untimely. The district court concluded that the amended judgment did not make a substantive

correction or alteration to Borgesano's sentence. Instead, the amended judgment was a clerical correction as the court simply attached the previously entered forfeiture order, which the district court had referenced in the original judgment and orally pronounced at sentencing. The district court explained that an amended judgment to make a clerical correction does not reset the statute of limitations period, and, therefore, Borgesano's § 2255 motion was untimely. Furthermore, the district court determined that Borgesano was not entitled to equitable tolling. The district court denied Borgesano a COA, but, as discussed, we granted him a COA on the issue of "[w]hether the district court erred in dismissing Borgesano's 28 U.S.C. § 2255 motion to vacate, set aside, or correct his sentence as untimely."[1]

## II.     Discussion

Borgesano argues that his judgment was incomplete until entry of the amended judgment because forfeiture is a mandatory component of sentencing, and his § 2255 motion was therefore timely because it was filed within the relevant limitations period from the amended judgment. Alternatively, he argues that, even if his § 2255 motion was untimely, the district court erred in determining that he was not entitled to equitable tolling.[2]

---

[1] Borgesano retained counsel to represent him in this appeal.

[2] It is well-established that "appellate review is limited to the issues specified in the COA." *Murray v. United States*, 145 F.3d 1249, 1251 (11th Cir. 1998). Thus, the government argues that we should not consider Borgesano's equitable tolling argument because it is outside the scope of the issue identified in the COA. We disagree. Although the COA does not

The Antiterrorism and Effective Death Penalty Act ("AEDPA") imposes a one-year statute of limitations for filing a § 2255 motion that begins to run, as relevant here, from "the date on which the judgment of conviction becomes final." 28 U.S.C. § 2255(f)(1). Although § 2255(f) does not define "judgment of conviction" or "final," we have held that when, as in this case, a criminal defendant does not pursue a direct appeal, his judgment of conviction becomes final when the time for filing a notice of appeal expires. *Mederos v. United States*, 218 F.3d 1252, 1253 (11th Cir. 2000). The time for filing a notice of appeal from a criminal judgment is 14 days after "the entry of either the judgment or the order being appealed." Fed. R. App. P. 4(b)(1)(A)(i).

The determinative issue in this case is whether the June 19, 2018 amended judgment, which included the previously omitted forfeiture order, was a clerical correction or a substantive alteration to the sentence. As will be explained further, if it was a clerical correction, then Borgesano's original judgment became final on May 9, 2018, and his July 2, 2019 § 2255 motion was untimely. On the other hand, if the amended judgment was a substantive alteration to his sentence, then it would have triggered a new one-year limitations period under § 2255, and

---

expressly mention the equitable tolling issue, we held previously that equitable tolling is subsumed within a COA on the issue of whether a habeas petition is timely because, in order to determine whether the statute of limitations bars the petition, "we must consider whether . . . equitable tolling excepts the one-year filing deadline. If [the petitioner] can demonstrate . . . that equitable tolling applies to his case, then his petition is timely." *Lawrence v. Florida*, 421 F.3d 1221, 1225–26 (11th Cir. 2005).

Borgesano's § 2255 motion would have been timely.  We review the district court's determination that a § 2255 motion is untimely and its determination that a movant is not entitled to equitable tolling *de novo*.  *Jones v. United States*, 304 F.3d 1035, 1037 (11th Cir. 2002).

"[C]riminal forfeiture is part of a defendant's sentence."  *United States v. Gilbert*, 244 F.3d 888, 924 (11th Cir. 2001).  Federal Rule of Criminal Procedure 32.2 governs criminal forfeiture.  Specifically, Rule 32.2 provides that

> [a]s soon as practical . . . after a plea of guilty or nolo contendere is accepted, on any count in an indictment or information regarding which criminal forfeiture is sought, the court must determine what property is subject to forfeiture under the applicable statute.  If the government seeks forfeiture of specific property, the court must determine whether the government has established the requisite nexus between the property and the offense.  If the government seeks a personal money judgment, the court must determine the amount of money that the defendant will be ordered to pay.

Fed. R. Crim. P. 32.2(b)(1)(A).  "If the court finds that property is subject to forfeiture, it must promptly enter a preliminary order of forfeiture setting forth the amount of any money judgment, directing the forfeiture of specific property, and directing the forfeiture of any substitute property if the government has met the statutory criteria."  *Id.* Rule 32.2(b)(2)(A).  The Rule further provides that "[a]t sentencing—or at any time before sentencing if the defendant consents—the preliminary order becomes final as to the defendant."  *Id.* Rule 32.2(b)(4)(A).  Importantly,

> [t]he court must include the forfeiture when orally announcing the
> sentence or must otherwise ensure that the defendant knows of the
> forfeiture at sentencing. The court must also include the forfeiture
> order, directly or by reference, in the judgment, but the court's failure
> to do so may be corrected at any time under Rule 36.

*Id.* Rule 32.2(b)(4)(B).

Rule 36 provides that "[a]fter giving any notice it considers appropriate, the court may at any time correct a clerical error in a judgment, order, or other part of the record, or correct an error in the record arising from oversight or omission." Fed. R. Crim. P. 36. It is well-established that "Rule 36 may not be used to make a substantive alteration to a criminal sentence." *United States v. Portillo*, 363 F.3d 1161, 1164 (11th Cir. 2004) (quotation omitted). "[W]hen a court corrects a clerical mistake, no new judgment arises for the purposes of Federal Rule of Appellate Procedure 4(b)(1)(A)." *Patterson v. Fla. Dep't of Corr.*, 849 F.3d 1321, 1326 (11th Cir. 2017) (*en banc*) (citing *Portillo*, 363 F.3d 1165–66).[3]

Borgesano argues that his judgment was "incomplete" until the district court entered the amended judgment that included the forfeiture order. We disagree. The district court mentioned the preliminary forfeiture order when it orally announced the sentence and referenced it in the original April 26, 2018 judgment,

---

[3] Borgesano argues that, because Rule 36 does not address expressly whether a motion under the rule suspends the time for filing a notice of appeal from the judgment of conviction, we should assume that it does. This argument is foreclosed by our holding in *Portillo* that an amended judgment, pursuant to Rule 36, did not alter the time period for filing a notice of appeal from the judgment. 363 F.3d at 1165–66, 1166 n.6.

and the preliminary order of forfeiture became final as to Borgesano at sentencing under Rule 32.2(b)(4). At that point, Borgesano's judgment was complete. Although the district court inadvertently failed to attach the preliminary forfeiture order to the judgment, Rule 32.2(b)(4)(B) provides that this error may be corrected at any time under Rule 36.

Borgesano maintains that the amended judgment was not simply a clerical correction, but rather was a modification of his judgment. We disagree. As discussed, Rule 36 is used to make clerical corrections, not substantive alterations to a judgment. Thus, the fact that Rule 32.2(b)(4) authorizes the use of Rule 36 to "correct" a judgment to include an omitted preliminary forfeiture order confirms that such a correction is clerical in nature not substantive. Furthermore, the amended judgment did not alter Borgesano's sentence because it did not change the previously entered forfeiture order or make Borgesano's "sentence more onerous," and his liability remained the same.[4] *Portillo*, 363 F.3d at 1165.

---

[4] In his briefing, Borgesano notes that, following his sentencing, the government moved for a final order of forfeiture of certain assets, which the district court granted. Therefore, he maintains that his judgment was incomplete because there remained something to be done concerning forfeiture and the district court did not grant the government's motion for preliminary order of forfeiture and final order of forfeiture until after the issuance of the April 26, 2018 judgment. Borgesano's arguments are unpersuasive. As an initial matter, his contention that the preliminary order of forfeiture was not issued until after the April 26, 2018 judgment is belied by the record. The preliminary order of forfeiture was issued in February 2018 prior to Borgesano's sentencing. The preliminary order of forfeiture becomes final unless a third party asserts an interest in the property subject to the forfeiture order. *See* Fed. R. Crim. P. 32.2(c)(2). Where a third-party asserts an interest in the property to be forfeited, the district court is required to conduct an ancillary proceeding to resolve that interest, and must then enter a final order of forfeiture following the ancillary proceeding. *Id.* Rule 32.2(c)(1)–(2). "An ancillary proceeding

Accordingly, because the amended judgment was a clerical correction, "no new judgment [arose] for the purposes of Federal Rule of Appellate Procedure 4(b)(1)(A)." *Patterson*, 849 F.3d at 1326; *Portillo*, 363 F.3d at 1165–66. Therefore, it had no effect on the finality of Borgesano's "judgment of conviction" and did not alter the "date on which the judgment of conviction [became] final" for purposes of § 2255's statute of limitations. In other words, the original April 26, 2018 judgment remained the operative judgment for purposes of calculating Borgesano's § 2255 limitations period.[5]

The April 26, 2018 judgment became final 14 days after its entry on May 10, 2018 when the window for filing a direct appeal expired. *Mederos*, 218 F.3d at 1253. Thus, Borgesano had until May 10, 2019 to file a timely § 2255 motion.

---

is not part of sentencing," and the subsequent final order of forfeiture does not impact the validity of the preliminary forfeiture order or the judgment. *See generally* Fed. R. Crim. P. 32.2(b), (c). In any event, the post-sentencing final order of forfeiture was not the order incorporated via the amended judgment. Rather, the amended judgment incorporated the previously entered February 2018 preliminary forfeiture order, as required under Fed. R. Crim. P. 32.2(b).

[5] Borgesano contends that our conclusion is inconsistent with *Ferreira v. Secretary, the Department of Corrections*, 494 F.3d 1286 (11th Cir. 2007), and *Burton v. Stewart*, 549 U.S. 147 (2007), which involved the one-year limitations period under 28 U.S.C. § 2244(d)(1) applicable to federal habeas petitions filed by state prisoners. *Burton* reaffirmed the principle that a final judgment in a criminal case encompasses both the conviction and sentence. 549 U.S. at 156. We applied *Burton* in *Ferreria* and determined that AEDPA's statute of limitations provisions are "specifically focused on the judgment which holds the petitioner in confinement . . . [and] the judgment of conviction and the sentencing judgment together form the judgment that imprisons the petitioner." 494 F.3d at 1293. Thus, we held that where a defendant is resentenced, the defendant becomes confined under a new judgment, which triggers anew § 2244(d)(1)'s one-year statute of limitations period. *Id.* Unlike *Ferreria*, Borgesano was not resentenced, and his conviction and sentence remained the same under the amended judgment. Accordingly, there was no new judgment for purposes of triggering anew § 2255's limitations period.

*See* 28 U.S.C. § 2255(f)(1). Although he filed a § 2255 motion on May 9, 2019 within the one-year time frame, he successfully moved for its dismissal without prejudice. Therefore, the district court properly determined that the July 2, 2019 § 2255 motion was untimely.

Borgesano argues that, even if his § 2255 motion was untimely, he is entitled to equitable tolling because of the confusion surrounding the amended judgment and whether it triggered anew § 2255's one-year statute of limitations period. We disagree.

"[*P*]*ro se* litigants, like all others, are deemed to know of [AEDPA's] one-year statute of limitations." *Outler v. United States*, 485 F.3d 1273, 1282 n.4 (11th Cir. 2007). AEDPA's limitations period may be equitably tolled, but the movant must show "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2010) (quotation omitted); *see also Sandvik v. United States*, 177 F.3d 1269, 1271–72 (11th Cir. 1999) (holding that the same equitable tolling principles that are applied to 28 U.S.C. § 2244's statute of limitations apply equally to § 2255). To show diligence, a movant must show that an effort was made to determine the limitations period and must show how the alleged extraordinary circumstance "thwarted his efforts" to file a timely petition. *Arthur v. Allen*, 452 F.3d 1234, 1253 (11th Cir. 2006) (quotation omitted). The

11

focus of the "extraordinary circumstances" inquiry "is on the circumstances surrounding the late filing of the habeas petition . . . and whether the conduct of others prevented the petitioner from timely filing." *Id.* (quotations and citations omitted). The movant must "show a causal connection between the alleged extraordinary circumstances and the late filing of the petition." *San Martin v. McNeil*, 633 F.3d 1257, 1267 (11th Cir. 2011). Equitable tolling is "an extraordinary remedy [that] is typically applied sparingly." *Arthur*, 452 F.3d at 1252 (quotation omitted).

Borgesano has not established that some extraordinary circumstance stood in his way and prevented timely filing of a § 2255 motion. Indeed, the record belies such a contention because he filed a barebones timely § 2255 motion the day before the expiration of the statute of limitations and he had the opportunity to supplement it with supporting facts and argument. Rather than take that opportunity, however, he moved to voluntarily dismiss it. His incorrect belief that he had additional time to file a timely § 2255 motion because of the amended judgment is insufficient to warrant equitable tolling. Both the Supreme Court and this Court have held repeatedly that legal confusion or a mistake in calculating AEDPA's statute of limitations period—whether the result of counsel error or *pro se* error—does not warrant equitable tolling. *See, e.g.*, *Lawrence v. Florida*, 549 U.S. 327, 336 (2007) (holding that counsel's miscalculation of the limitations

period "is simply not sufficient to warrant equitable tolling" and rejecting a claim for equitable tolling on the basis of legal confusion); *Steed v. Head*, 219 F.3d 1298, 1300 (11th Cir. 2000) (holding that "an attorney's miscalculation of the limitations period or mistake is not a basis for equitable tolling"); *Rivers v. United States*, 416 F.3d 1319, 1323 (11th Cir. 2005) (explaining that a lack of a legal education and related confusion about the law did not excuse petitioner's failure to exercise due diligence).

Moreover, we note that in its June 3, 2019, order granting in part Borgesano's motion to voluntarily dismiss the timely § 2255 motion, the district court stated that the statute of limitations had expired, at which point Borgesano was on notice of the potential issue. Yet he did not ask the district court for an extension of time or otherwise notify the court that he believed the statute of limitations ran from the amended judgment as opposed to the original judgment, and he waited approximately a month to file another § 2255 motion. Under these circumstances, Borgesano cannot establish either due diligence or "extraordinary circumstances that were beyond his control and unavoidable even with diligence." *Sandvik*, 177 F.3d at 1271. Accordingly, the district court did not err in determining that Borgesano had not made a sufficient showing to warrant equitable tolling.

13

III.    Conclusion

For the above reasons, we affirm the dismissal of Borgesano's § 2255 motion as untimely.

**AFFIRMED.**